Joseph J. PARENTE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15361.

United States Court of Appeals Ninth Circuit.

Nov. 12, 1957.

Joseph A. Jackson, Jackson, Barbarotto & Lank, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., John H. Riordan, Richard Foster, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before STEPHENS, Chief Judge, and ORR and FEE, Circuit Judges.

ORR, Circuit Judge.

Appellant, together with Martin Bert Haley and Jones Chesley White were indicted for conspiring to violate sections 4704 and 7237 of Title 26 U.S.C.A. and section 174 of Title 21 U.S.C.A. Appellant and co-conspirator White were convicted. Parente appeals.

Appellant makes several assignments of error. They are interwoven to a considerable extent and a discussion of them will be better understood if we give, at this point, a resume of the evidence introduced. It was established that appellant Parente and his co-conspirator White were together in Las Vegas, Nevada. White then came to San Francisco. Later a telephone call was made from Las Vegas by a party named Joe to White, then rooming in a San Francisco hotel. A few days later appellant and White met in San Francisco. Later appellant and White rode to San Jose in appellant's car, and appellant went into Haley's bar in San Jose. Haley introduced appellant to one Cardella, a government informer. Whether it had been prearranged for appellant to meet Cardella at Haley's bar is not quite clear, but it seems quite improbable that appellant would ride to San Jose with a narcotics peddler and then pick up a prospective customer without some previous understanding. The jury would be entirely justified in finding that such previous understanding existed. After appellant and Cardella were introduced, appellant said to Cardella, "I'll take you across the street and meet the fellow that has the stuff." Thereupon, appellant introduced White to Cardella. After the introduction, appellant said, "I will leave you two fellows with your business." Appellant left the scene, whereupon White and Cardella entered into negotiations for the sale of narcotics, the upshot of which was an understanding that

White would deliver to Cardella a sample of the heroin which he (White) had for sale. On the succeeding day, White visited Cardella at his room and brought with him an ounce of narcotics which he informed Cardella was a sample. White then and there stated to Cardella that Parente had told him to go ahead and bring an ounce up.

Cardella later introduced Government Agent McBee to White as a prospective purchaser. Agent McBee and Government Agent Mantler testified that while they were attempting to buy narcotics from White, he, White, was heard to say that Parente had an interest in his goods and therefore he could not alone reduce the price.

Co-defendant Haley testified that on February 23, he had a conversation with appellant in which appellant stated, "A gentleman by the name of White has some stuff that he wants to get rid of," to which Haley relied, "I don't want nothing to do with it and get Mr. White out of my place." On cross-examination Haley was asked this question, "What did you understand Parente to mean by stuff?" Haley answered, "I thought maybe he meant some narcotics."

■ The evidence above recited unquestionably portrays a conspiracy on the part of appellant and White to sell narcotics. Appellant cites the case of Ong Way Jong v. United States, 9 Cir., 1957, 245 F.2d 392, in support of his contention that the evidence is insufficient to show a conspiracy. In the Ong Way Jong case a mere association of parties was shown; here appellant is shown to be a contact man bringing buyer and seller together. What other rational conclusion can be drawn from the facts? Appellant and a narcotics peddler meet in Las Vegas, Nevada. Later appellant comes to San Francisco, meets the narcotics peddler there, takes him to San Jose, California, contacts a prospective buyer and takes him across the street to meet the peddler. Appellant also informs Haley that White has some stuff.

■ Appellant argues that the use of the word "stuff" has no particular

significance. It does in the "dope" trade. When appellant used the word in his conversation with Haley and it is examined within the context in which it was said, it carried a customary meaning peculiar to the illegal narcotics trade. There was no error in permitting witness Haley to testify as to what he understood appellant to mean when he used the word "stuff". Batsell v. United States, 8 Cir., 1954, 217 F.2d 257. In this connection, appellant urges that when he used the word "stuff", he was referring to some jewelry he had for sale. The jury has by their verdict rejected this testimony.

■ Appellant bases several assignments of error on the admission into evidence of certain statements of co-conspirator White out of the presence of appellant. We have found that a conspiracy is shown by the evidence, hence the statements come within the rule that a conspiracy having been established by independent evidence, incriminating statements made by a co-conspirator in furtherance of the conspiracy may be shown. Clune v. United States, 1895, 159 U.S. 590, 16 S.Ct. 125, 40 L.Ed. 269; Lutwak v. United States, 1953, 344 U.S. 604, 617, 73 S.Ct. 481, 97 L.Ed. 593. Complaint is made that the trial court erred in admitting testimony of statements made by a co-conspirator before the conspiracy was shown by independent evidence. The trial court admitted the evidence subject to a motion to strike should there be a failure to connect it up. This procedure was within the discretion of the trial court. United States v. Sansone, 2 Cir., 1956, 231 F.2d 887. The evidence was connected up, a conspiracy was shown, hence there was no abuse of discretion.

■ White, a co-defendant with appellant, made a confession. This confession was introduced in evidence against White only. The court instructed the jury to consider it only as against a defendant against whom it was offered. No objection was made to the alleged insufficiency of this instruction. The record does not disclose whether or not the court further instructed in his charge

to the jury, nor that appellant made a request for further instructions on the subject. Under the circumstances we conclude that the jury was adequately instructed as to the consideration·to be given White's confession. There is no question here that the jury could not have followed the instruction which the record discloses was given. Delli Paoli v. United States, 1957, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278.

There are other assignments of error, but as we have said, they are so interwoven with the points we have decided that what we have said as to them answers the others.

Affirmed.