436 F.2d 1203
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harry BOYD, Jr., and Eric A. Sawyer, Defendants-Appellants.
No. 30014 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 11, 1971.
 
 L. H. Walden, Montgomery, Ala., for appellants.
 Ira DeMent, U.S. Atty., D. Broward Segrest, William H. Thomas, Asst. U.S. Attys., Montgomery, Ala., for appellee.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harry Boyd, Jr., and Eric A. Sawyer here present two allegations of error which they claim require reversal of their convictions for transporting and causing to be transported forged Travelers Express Money Orders in violation of 18 U.S.C.A. 2314, and for conspiring to transport such securities in violation of 18 U.S.C.A. 371. The defendants claim that the trial court erred in refusing to suppress certain evidence found in their automobile as a result of a warrantless search, and in refusing to grant the two defendants separate trials.[1]
 
 
 2
 The facts giving rise to these allegations are clear and appear to be undisputed. On March 14, 1969, Jimmy Washington attempted to cash a Travelers Express Money Order at a store in Montgomery, Alabama. The clerk became suspicious and called the police. Washington was later arrested and gave to the police a description of his companions, Sawyer and Boyd, and the car in which they were traveling. He also informed the officers that the two men had a large number of blank money orders.
 
 
 3
 Later that day the police spotted the two men and pulled up beside their automobile while it was stopped at a traffic light. As one officer approached the car on the driver's side and placed his badge against the window, the car suddenly accelerated, catching the officer's hand in the door handle. When the officer regained his balance, he fired three shots at the car and wounded Boyd. A collision ensued, but Sawyer was able to escape. Following the accident, which completely wrecked the vehicle, the officers removed the injured Boyd, placed him under arrest, and transported him to the hospital. The car was then towed away to the Montgomery, Alabama Municipal Building. While still attached to the wrecker, the vehicle was routinely searched in order to inventory the articles therein. During the course of this search the stolen money orders were found. At trial the defendants moved to suppress the introduction into evidence of these money orders. The motion was denied and defendants appeal.
 
 
 4
 We hold that under these circumstances the trial court was correct in overruling the motion to suppress. Recently, in Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, the Supreme Court held that a warrantless station house search of a vehicle occurring sometime after an arrest was permissible if there were probable cause to believe that the car contained articles which the officers were entitled to seize. Making it absolutely clear that there is a consitutional difference between the search of a car and the search of a house, the Court held that if probable cause to search existed at the time of the arrest, that justification would also validate a later search after removal of the car to the police station.
 
 
 5
 In the instant case we think there was probable cause to search the defendants' vehicle at the time Boyd was arrested. The officers knew that Washington had attempted to pass forged money orders and that, according to Washington, two companions, matching the descriptions of Boyd and Sawyer, were also in the possession of forged money orders and were traveling in a vehicle matching the description of the suspect vehicle. The officers also knew that when they approached this vehicle, the driver not only attempted to escape but that after the accident he in fact did escape. It seems to us that these circumstances were sufficient to give the officers probable cause to believe that the car contained articles, the money orders, which they were entitled to seize. It was clearly reasonable for the officers to anticipate that such a large quantity of money orders could only be in the car since the defendants were traveling from city to city and thus had not established a fixed stopping place such as a hotel or motel. Once established, this probable cause continued to obtain during the later search at the Municipal Building. Chambers v. Maroney, supra. The fruits of that search were thus clearly admissible in evidence.
 
 
 6
 Moreover, the officer testified that the search at the Municipal Building was conducted as a part of routine police procedure to inventory articles in the seized vehicle. This court has recently held that evidence obtained as a result of a routine inventory conducted to itemize the property of an arrested person is admissible in evidence, United States v. Lipscomb, 5 Cir. 1970, 435 F.2d 795. Here, as in Lipscomb, it was entirely reasonable to take the defendants' property to police headquarters. The car was demolished and could neither be locked nor left on the street. The only remaining occupant was seriously injured and had to be taken to the hospital. Once the car was taken to headquarters the 'officers were under a duty to itemize the property (therein) and store it for safekeeping.' United States v. Lipscomb, supra, at 801. Evidence discovered as a result of this necessary inventory was therefore admissible at the defendants' trial. United States v. Lipscomb, supra.
 
 
 7
 The defendants' second contention is that Sawyer and Boyd should have been given separate trials. Their argument in this respect appears to rest solely on the fact that, since this was a conspiracy trial, evidence admissible against one might not be admissible against the other unless the conspiracy was established. We find this insufficient justification to reverse the trial court's exercise of discretion. This court has often held that if the jury can, with proper instructions, evaluate the evidence against each defendant, then a denial of a motion for severance is not error. Oden v. United States, 5 Cir. 1969, 410 F.2d 103, cert. denied, Lacy v. United States, 396 U.S. 863, 90 S.Ct. 138, 24 L.Ed.2d 116; Leach v. United States, 5 Cir. 1968, 402 F.2d 268, cert. denied, 393 U.S. 1082, 89 S.Ct. 864, 21 L.Ed.2d 775; Peterson v. United States, 5 Cir. 1965, 344 F.2d 419.
 
 
 8
 Here the proper cautionary instructions were given and the evidence indicates no probability of jury confusion or misunderstanding. There was no affirmative showing of prejudice by either defendant. The trial court did not, therefore, abuse its discretion in denying the motion for severance. Oden v. United States, supra.
 
 
 9
 For the foregoing reasons the judgment of the trial court is affirmed.
 
 
 
 [1]
 Defendant Sawyer moved both to suppress the evidence found in the car and to compel severance. Neither motion was made on behalf of defendant Boyd. We pretermit any discussion of whether the failure to grant either motion would constitute plain error since we find that under the circumstances there was no error in the trial court's ruling