**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Thomas Jackson DUCKER, Jr., Defendant-Appellant.**

**No. 73–3210**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

March 29, 1974.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Andrew B. Dennison, Cincinnati, Ohio, for defendant-appellant.

John L. Briggs, U. S. Atty., Robert S. Yerkes, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Thomas Jackson Ducker, Jr. was found guilty by a jury of passing a counterfeit $20 bill, in violation of 18 U.S.C. § 472. A codefendant, Conover, was acquitted. Ducker alleges that there was insufficient evidence to warrant a guilty verdict. He also contends that evidence, counterfeit notes and medicine bottles bearing his name, which was found in inventory searches of a car driven by Conover, should have been excluded at trial. We affirm.

Conover borrowed his girl friend's car, and he and a hitchhiker drove from Kentucky to Jacksonville, Florida. After arriving there on March 18, 1973, they went to a local shopping center. Conover made a purchase and went outside to wait for the hitchhiker. The latter, however, had been stopped by the store manager after tendering a counterfeit $20 bill. When informed that the police would be asked to examine the bill, the hitchhiker left the store.

Trial testimony indicates that the store manager told police that the two individuals had entered the store together. He pointed out Conover, who was waiting outside, as the person who had accompanied the man who attempted to pass the counterfeit bill. Police asked Conover for identification, which he had to obtain from his car. During this time, the store manager found another counterfeit $20 bill in the cash register at which Conover had made his purchase. Conover was arrested and placed in custody in the back of the patrol car. The contents of the car Conover was driving were inventoried for recordation in a vehicle storage report. During the inventory, a sack of 415 counterfeit $20 bills with the same serial number as the two detected in the store was found under the passenger's seat. The following day, the car was turned over to Customs officials, who also made an inventory of its contents. They found two pill bottles bearing the name Tom Ducker. The discovery of this evidence led to the arrest of appellant Ducker as the unidentified hitchhiker who attempted to pass the counterfeit bill.

At trial, Officer Durgin, who arrested Conover, testified that pursuant to Jacksonville Sheriff's Office regulations, any time an arrest is made of someone who is in possession of an automobile, an inventory must be made of the contents and the car must be towed for storage. Durgin explained that the inventory was particularly necessary in this case because the car was from out of state and was not registered to the driver. Moreover, Durgin did not feel that the car, which was still packed with clothing and other articles, should be left unattended in the shopping center parking lot. He stated that the sole reason for the search of the car was to inventory its

contents; there was no probable cause to search for evidence, and no expectation that evidence might be found. The Customs agent who subsequently inventoried the car testified that it is standard procedure for Customs agents to inventory an automobile upon taking custody of it.

At trial, Conover testified that he did not know defendant Ducker and that Ducker was not the hitchhiker who traveled to Florida with him. Ducker testified that on March 18, 1973, he was in Kentucky with friends, became ill, and got a ride back to his own car with Conover's girl friend, owner of the car Conover drove to Florida. He theorized that he must have lost the two pill bottles on that occasion since it was the only time he had ever been in the car. However, Ducker did not produce any alibi witnesses to confirm his testimony that he was in Kentucky on March 18.

The store manager positively identified Ducker as the man who had tried to cash the counterfeit bill with him. His identification placed Ducker in Florida on March 18 and implicated him in the crime.

A Government agent testified that Conover, after the pill bottles were found, had told him that Ducker was the hitchhiker, but that he knew him only as "Jack." This testimony was denied and contradicted by Conover at trial.

■■ The conflicting testimony concerning Ducker's involvement raised an issue to be resolved by the jury. In determining the sufficiency of the evidence, the test is whether, taking the view most favorable to the Government, a reasonably minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. United States v. Warner, 5

Cir., 1971, 441 F.2d 821, 825, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed. 2d 58. *See also* Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1941); United States v. Jeffords, 5 Cir., 1974, 491 F.2d 90; United States v. Stephenson, 5 Cir., 1973, 474 F. 2d 1353; Sanders v. United States, 5 Cir., 1969, 416 F.2d 194, 196; Jones v. United States, 5 Cir., 1968, 391 F.2d 273, 274; Weaver v. United States, 5 Cir. 1967, 374 F.2d 878, 881. As this was clearly a jury question, denial of Ducker's motion for judgment of acquittal was not error.

■■ The evidence gathered in the two inventory searches of Conover's car was properly admitted at trial. Inventory searches have two purposes: to protect the vehicle and the property in it, and to safeguard the police or other officers from claims of lost possessions. The Supreme Court and this Court have upheld inventory searches where it is clear that the procedure used is a valid inventory and is not merely a pretext for a search, whether or not there is some suspicion that contraband or other evidence may be found. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970); United States v. Grill, 5 Cir., 1973, 484 F.2d 990; United States v. Kelehar, 5 Cir., 1972, 470 F.2d 176, 177–178; United States v. Edwards, 5 Cir., 1971, 441 F.2d 749, 754; United States v. Pennington, 5 Cir., 1971, 441 F.2d 249, 251–252, cert. denied, 404 U.S. 854, 92 S.Ct. 97, 30 L. Ed.2d 94; United States v. Boyd, 5 Cir., 1971, 436 F.2d 1203, 1205; United States v. Lipscomb, 5 Cir., 1970, 435 F. 2d 795, 799–801, cert. denied, 401 U.S. 980, 91 S.Ct. 1213, 28 L.Ed.2d 331.

Affirmed.