UNITED STATES of America,
Plaintiff-Appellee,

v.

James Anthony GRANT,
Defendant-Appellant.

No. 75–1538
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1975.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Theodore Klein, Miami, Fla. (Court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., William R. Northcutt, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Defendant was tried and convicted of aiding and abetting in the commission of a bank robbery of a federally insured bank in violation of 18 U.S.C.A. § 2113(a) and (d) (1970).[1] The defendant

---

1. 18 U.S.C.A. § 2113(a) provides that:

§ 2113. *Bank robbery and incidental crimes*

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or build-

ing, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years or both.

(b) Whoever takes and carries away, with intent to steal or purloin.

18 U.S.C.A. § 2113(d) provides that:

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

contends on appeal to this Court that the trial court improperly admitted hearsay evidence and evidence which was obtained in violation of his Miranda rights.[2] Further, he asserts that the evidence presented was insufficient. We find these contentions to be without merit and affirm.

■ The defendant initially challenges the trial court's admission of statements made by defendant's two partners as they accosted a bank guard while defendant waited in the getaway car nearby. The guard testified that one of the bandits told him that he was going to blow his head off at the time when he was initially assaulted.[3] We reject out of hand the defendant's contention that this statement was inadmissible hearsay.

■ First, it was said by one of his cohorts in the criminal enterprise then under way. So it is chargeable to him on accepted notions of agency. See, Park v. Huff, 5 Cir., 1975, 506 F.2d 849, 859 (en banc); United States v. Gattie, 5 Cir., 1975, 511 F.2d 608, 611.

■ It is well established in this Circuit, see, Park v. Huff, supra, at 859 and others, see e. g., Carbo v. United States, 9 Cir., 1963, 314 F.2d 718, cert. denied, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d

498; United States v. Carminati, 2 Cir., 1957, 247 F.2d 640, cert. denied, 355 U.S. 883, 78 S.Ct. 150, 2 L.Ed.2d 113, that a statement of one conspirator in a crime is admissible against another participant when (i) the declaration is made in furtherance of the conspiracy, (ii) during the pendency of the conspiracy and (iii) when there is independent proof of a nexus between the declarant and the defendant. Carbo v. United States, supra.

■ Here all of these elements are unquestionably met, for it would be fatuous for us to conclude that the statement was not made in furtherance of the conspiracy and during the conspiracy. Similarly, there is ample evidence in the record connecting the defendant and the declarant as participants in a common criminal enterprise.[4]

■ While it is true that at the time this statement was admitted the prosecution had not yet presented any evidence connecting the defendant to the bank robbery attempt, this Court has repeatedly held that the trial court has broad discretion to admit statements made in furtherance of the conspiracy without first establishing the conspiracy and the defendant's connection therewith.[5] See Nelson v. United States, 5

2. See, Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

3. R. at p. 30, USA v. Grant (No. 74–641–CR–JE). Defense counsel failed to object to either the question or the answer upon which he bases his appeal. The initiative is placed upon the litigants in the trial court to object or make motion to strike and failure to make timely objections to the admission of objectionable evidence is characterized as a waiver of appeal based upon erroneous admission of such evidence. See, McCormick on Evidence, 52 at p. 113 (2d ed.1972).

The appellant has also assailed in this appeal a statement made by Mr. Loughery, the bank guard, as to why he believed the defendants were in the bank. See, R. at p. 36. However, the appellant's objection to this testimony was sustained by the trial court and we fail to see upon what basis the appellant challenges a ruling which was favorable to him.

4. The prosecution presented evidence designed to establish a nexus between the defendant

and the bank robbers. For example, the prosecution read into the record a stipulation of the parties prior to trial that the two bank robbers' fingerprints were found in defendant's car. See R. at 152–54. There was also testimony that the defendant was seen driving two individuals matching the description of the bank robbers by the bank prior to the holdup and that he was observed parking his car nearby. See R. at 62–76. Also the evidence indicated that the defendant was observed ducking in his car when persons passed by his car and otherwise acting in a suspicious manner as he waited in the parking lot outside the bank, see R. at 121, and that he attempted to flee the scene when the police arrived and foiled the robbery attempt. See R. at 124.

5. In other Circuits as well, the trial court has been accorded substantial leeway in admitting statements of co-conspirators against the defendant before establishing the common enterprise. See, e. g., United States v. Acuff, 10 Cir., 1969, 410 F.2d 463, cert. denied, 396 U.S. 830, 90 S.Ct. 82, 24 L.Ed.2d 81; United States

Cir., 1969, 415 F.2d 483, 487; *Strauss v. United States,* 5 Cir., 1963, 311 F.2d 926; *Landers v. United States,* 5 Cir., 1962, 304 F.2d 577.

■ Next, the statement was not presented to prove the truth of the matters asserted therein so that its reliability was dependent upon the credibility of the declarant.[6] Although not then technically[7] applicable the Federal Rules of Evidence reflect these same views.[8]

■ We must also reject the defendant's argument that his Miranda rights were not fully related to him before custodial interrogation began.[9] Defendant's claims in this regard must be rejected as a matter of fact, for after interrogating the FBI agent as to the specifics of the Miranda warnings which were administered prior to interrogation the Court concluded that all of the Miranda warnings had been read to the defendant, that there existed no coercion and that the statements made by the defendant were made freely and voluntarily.[10]

■ Finally, on the basis of our many cases,[11] we reject defendant's claim that the evidence is insufficient as a matter of law to sustain the jury's verdict. The record contains ample evidence upon which a jury could reasonably conclude that defendant aided and abetted in the attempted bank robbery.

Affirmed.

---

*v. Harris,* 6 Cir., 1968, 391 F.2d 348; *Parente v. United States,* 9 Cir., 1957, 249 F.2d 752.

6. Since the Government is not attempting to prove that the statement made by the co-conspirator is true, there is no issue of credibility to be raised. *See, Anderson v. United States,* 417 U.S. 211, 94 S.Ct. 2253, 2260, 41 L.Ed.2d 21 (1974); *Braswell v. United States,* 5 Cir., 1952, 200 F.2d 597, *cert. denied,* 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752 (1955).

7. The Federal Rules of Evidence are not directly applicable to this case because the proceedings occurred prior to the date upon which the rules became effective. *See* Pub.L. 93–595 § 1.

8. *See,* F.R.Ev. 801(d)(2)(E); *see also, United States v. Smith,* 6 Cir., 1965, 343 F.2d 847, *cert. denied,* 382 U.S. 824, 86 S.Ct. 55, 15 L.Ed.2d 69; *Carbo v. United States,* 9 Cir., 1963, 314 F.2d 718, *cert. denied,* 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498.

9. Appellant argues that the record indicates that he was not advised of his right to have a lawyer appointed to represent him and his right to stop the interrogation at any time. *See* R. at p. 90.

10. *See* R. at p. 113. *See also Miller v. United States,* 8 Cir., 1968, 396 F.2d 492, *cert. denied,* 393 U.S. 1031, 89 S.Ct. 643, 21 L.Ed.2d 574; *cf. Michigan v. Tucker,* 1974, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182, 193.

11. *See e. g., United States v. Reynolds,* 5 Cir., 1975, 511 F.2d 603, 606; *United States v. Ducker,* 5 Cir., 1974, 491 F.2d 1190; *United States v. Lowery,* 5 Cir., 1972, 456 F.2d 341, 344; *United States v. Harper,* 5 Cir., 1971, 450 F.2d 1032, 1040. *Accord, Glasser v. United States,* 1944, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.