212 So.2d 900 (1968)
Johnny KNIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-808.
District Court of Appeal of Florida. Third District.
July 30, 1968.
Shevin, Goodman & Holtzman, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON and BARKDULL, JJ., and PIERCE, WILLIAM C., Associate Judge.
PER CURIAM.
The appellant was found guilty after a non-jury trial of (1) breaking and entering a dwelling and (2) grand larceny. The points presented on this appeal are directed only to the denial of appellant's motion to suppress evidence which was seized when he was arrested.
Police officers responding to a call reporting a prowler discovered the appellant feigning sleep on the rear seat of his automobile, which was parked in a residential district. Considering the circumstances worthy of further investigation, the officers checked the license number on the automobile and discovered that it was improperly registered. The license plate on the car had been issued to a person other than the appellant and for a different make and model automobile than that on which it was placed. The police then arrested the appellant for having an improperly licensed vehicle and impounded the automobile. An inventory of the contents of the automobile made prior to towing it away revealed a box of jewelry under the front seat. The next day the jewelry was identified as loot taken at a reported breaking and entering. The appellant, while in jail, was rearrested and charged with the crimes of which he was convicted. We hold that the trial judge correctly denied the motion to suppress the evidence found in the automobile. See Gagnon v. State, Fla.App. 1968, 212 So.2d 337 (opinion filed June 25, 1968).
The appellant urges that even if the search of the automobile at the time of arrest were reasonable, the seizure of the evidence was unreasonable, and the motion to suppress should have been granted; he cites State v. Elkins, 1966, 245 Or. 279, 422 P.2d 250, as authority for his position. We *901 do not think that Elkins supports appellant's proposition that the police having the jewelry lawfully in their possession could not examine it in order to determine if it were contraband.
Affirmed.