PER CURIAM.
The state brings this interlocutory appeal in a narcotics possession case following the trial court’s granting of a defense motion to suppress evidence found during the inventory search of appellee’s automobile. The search was one step in a continuum of events that included appellee’s arrest for a traffic violation of a character which required the posting of a bond. When the appellee was in custody following his arrest the arresting officer requested a wrecker to remove appellee’s vehicle from the roadside. Before impounding the vehicle the officer made an inventory search of the car *54 which revealed a bag of marijuana and appellee was charged with its possession.
The officer had a valid basis upon which to make the arrest and this gave him the authority to conduct the inventory search. State v. Ruggles, Fla.App.1971, 245 So.2d 692. We reverse the trial court’s ruling that the marijuana was obtained as a result of an illegal search and seizure on the authority of Godbee v. State, Fla.App.1969, 224 So.2d 441; Knight v. State, Fla.App.1968, 212 So.2d 900; Gagnon v. State, Fla.App.1968, 212 So.2d 337; United States v. Pennington (5th Cir. 1971), 441 F.2d 249. Whereupon the order appealed from is reversed and the case is remanded for further proceedings.
Reversed and remanded.