291 So.2d 643 (1974)
STATE of Florida, Appellant,
v.
William David VOLK et al., Appellees.
Nos. 72-158 to 72-161.
District Court of Appeal of Florida, Second District.
March 6, 1974.
*644 Frank Schaub, State's Atty., Richard W. Seymour, Asst. State's Atty., and Stanley W. Moore, Intern with State Attorney's Office, Bradenton, and Robert L. Shevin, Atty. Gen., Tallahassee, for appellant.
Alan R. Williams, St. Petersburg, for William David Volk.
James A. Gardner, Public Defender, and W. Daniel Kearney, Asst. Public Defender, Bradenton, for Jan Michael Humphries, Bobby Lee Daniels and Reginald Whitehead.
MANN, Chief Judge.
We have upheld inventory searches in cases in which an automobile has been necessarily impounded after abandonment[1] or where its sole occupant is, because of intoxication, unfit to drive.[2] What the trial judge has found in this case is that there was no necessity for impounding the vehicle and that the police did so in this case contrary to the usual procedure followed in traffic cases. On the strength of the trial judge's well supported findings of fact we affirm the order suppressing evidence produced as a consequence of the inventory.
Since our latest expression on the subject the Supreme Court of the United States has found a search reasonable where the officers conducting it had grounds to believe that the occupant of the vehicle, an intoxicated off-duty policeman, had his service revolver in the car which was wrecked and towed into a privately owned service station some seven miles from the police station.[3] In Dombrowski, as in the case before us, the trial court's finding of fact was supported by ample evidence of reasonable conduct, requiring affirmance on appeal.
The law on the subject is amply stated in Judge Gibson's comprehensive opinion for the United States Court of Appeals for the Eighth Circuit in United States v. Lawson.[4] The situation presently before us is analogous to a pretextual arrest which results in the disclosure of evidence if the arrest is not one which would be routinely made under the circumstances regardless of the officer's suspicions and prejudices. Then the evidence coming to his view would be suppressed; otherwise if the defendant's conduct is such as to produce his arrest under routine police procedure. See State v. Holmes.[5]See also, Virgil v. Superior Court of County of Placer, 1968, 268 Cal. App.2d 127, 73 Cal. Rptr. 793, for a case similar to this one, in which other drivers were available to remove the car to a safe place as an alternative to police custody, and State v. Hargiss, La. 1974, 288 So.2d 633.
Affirmed.
HOBSON, J., concurs.
McNULTY, J., dissents.
NOTES
[1] Godbee v. State, Fla.App.2d 1969, 224 So.2d 441.
[2] Urquhart v. State, Fla.App.2d 1971, 261 So.2d 535.
[3] Cady v. Dombrowski, 1973, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706.
[4] 8th Cir.1973, 487 F.2d 468. See also, Annotation 48 A.L.R.3d 537.
[5] Fla.App.2d 1971, 256 So.2d 32.