OWEN, Judge.
The State contends, and we think correctly so, that the trial court erred in granting appellees’ motions to suppress certain tangible evidence seized by the arresting officers at the time of the arrest.
Two officers of the Brevard County Sheriff’s Department received information at midnight from a reliable confidential informant that one Charles Miller (whom the police officers knew to be widely reputed as a heroin dealer in Brevard County) had just sold the informant twenty-five dollars worth of heroin, and that Miller had left his residence promising to return at 6 a. m. with an additional amount of heroin. The informant also stated that Miller would be riding in a late model car.
The officers set up surveillance of the residence. A few minutes after 6 a. m. a late model car arrived occupied by Charles Miller, whom one of the officers recognized. The officers approached the car. In plain view between the legs of the passenger on the front seat was a cellophane bag containing a brown powdery substance which one of the officers recognized as a type of heroin known as “Brown Mexican Mud”. Miller and the two passengers, the appellees herein, were placed under arrest. After removing all three from the car, the vehicle was searched and an additional quantity of heroin was discovered under the seat and in the glove,compartment.
The orders granting the motions to suppress reflect that they were granted solely because the court felt that- since the officers had sufficient time, between midnight and 6 a. m. the following morning, to have obtained either an arrest warrant or a *104 search warrant, the officers failure m this respect made the search illegal. In so holding the trial court erred.
Appellees’ arrest without a warrant was lawful under the provisions of Fla.Stat. § 901.15(3) (1973), probable cause having been shown on the basis of the tip from the reliable confidential informant corroborated by the officers’ personal observations made immediately preceding the arrest. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Even if it could be said that the officers had sufficient probable cause to make an arrest based solely upon the tip from the reliable informant (without the corroboration from their personal observations), the officers’ failure to obtain an arrest warrant though there was sufficient time to do so does not invalidate the arrest. See State v. Rameriz, 284 So.2d 241 (4th DCA Fla. 1973). The arrest was valid and under the facts of this case the search of the automobile was a valid search incident to the arrest.
The orders granting the motions to suppress are reversed.
CROSS and DOWNEY, JJ., concur.