319 So.2d 91 (1975)
STATE of Florida, Appellant,
v.
Leo JENKINS, Appellee.
No. 75-498.
District Court of Appeal of Florida, Fourth District.
October 3, 1975.
*92 David H. Bludworth, State's Atty., and Jerome Davis, Asst. State's Atty., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and James R. Bean, III, Sp. Asst. Public Defender, West Palm Beach, for appellee.
MAGER, Justice.
This is an appeal by the state from an order granting defendant's motion to suppress certain evidence found during a search of the defendant's vehicle.
The record reflects that on August 26, 1974, at 3:00 A.M. a police officer stopped the defendant's vehicle for a routine traffic violation, i.e. making an improper U-turn on a highway. The defendant was unable to produce a driver's license; however, he did produce the motor vehicle registration which was located in the trunk of the automobile. (The registration which was produced was in another person's name.) While the trunk remained open the officer saw that it contained a shotgun. At that point the defendant was placed under arrest for failure to exercise due care (in the operation of a motor vehicle) and for failure to have a valid driver's license.
At or about the same time the defendant was placed under arrest the officer received information from a computer check that the defendant did not have a valid license. The arresting officer advised the defendant that it would be necessary for the defendant to be taken into custody in order to post a bond and that defendant's vehicle would have to be towed. The testimony in the record indicates that the arresting officer had intended to permit the defendant to drive his car to the police station and post the bond; however, he later realized that a person without a driver's license could not operate a motor vehicle thereby necessitating that it be towed.
Within 10 or 15 minutes another officer arrived at the scene and proceeded to conduct an inventory search of the vehicle prior to its being towed. The arresting officer testified that it was standard police procedure that whenever an individual was taken into custody the automobile is impounded (towed away) and the contents inventoried. The record reflects that defendant was the sole occupant of the automobile and that no indication was given to the officer of any other individual that might be available to secure the vehicle. The record further reflects that defendant offered no protest to the inventory search; however, no permission to conduct the inventory was obtained from the defendant. The inventory search conducted on the scene led to the discovery of some 216 grams of marijuana resulting in the defendant's additional arrest for the possession of marijuana.
The order granting defendant's motion to suppress does not contain any findings or reasons therefor. A review of the transcript of the proceedings on defendant's motion reveals that the court determined *93 the search to be illegal because it was an "exploratory search". The trial court, seemingly, was of the view that in order to conduct a search of a vehicle it is first necessary to tow the vehicle and secure a search warrant or for some probable cause to exist upon which to predicate such search.
Although some of the observations made by the trial court correctly reflect certain instances where a search of a vehicle is permissible, we are of the opinion that the trial court overlooked the circumstance of the "inventory search" and misconceived the legal effect of the evidence in connection therewith.
As a general proposition a warrantless search is illegal; however, the search of an automobile (as distinguished from a house) has produced two recognized exceptions: (1) a search incident to a lawful arrest, and (2) a search based upon probable cause. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). Neither of these exceptions is applicable to the instant situation. Instead, what we have is a third exception to the warrantless search, namely, the "inventory search".[1] The often-stated purpose for conducting an inventory of the contents of an automobile lawfully taken into custody is to protect the defendant's property and safeguard the police from unfounded claims for lost possessions. United States v. Kelehar, 470 F.2d 176 (5 Cir.1972); 48 A.L.R.3d 547, Inventory Search of Impounded Vehicle.[2]
Regardless of the resort to a play on semantics suggesting that a distinction exists between an "inventory" and a "search" an "inventory" search is a "search" within the Fourth Amendment prohibition against unreasonable searches and seizures  A rose by any other name would smell as sweet  Shakespeare. See Gagnon v. State, Fla.App. 1968, 212 So.2d 337; Knight v. State, Fla.App. 1968, 212 So.2d 900; Godbee v. State, Fla.App. 1969, 224 So.2d 441; Urquhart v. State, Fla. App. 1971, 261 So.2d 535; State v. Volk, Fla.App. 1974, 291 So.2d 643; State v. Ruggles, Fla.App. 1971, 245 So.2d 692; 48 A.L.R.3d 537, 548, supra. See also Cady v. Dombrowski, supra.
The foregoing cases support the proposition that a search conducted for the purpose of making an inventory of the contents of an automobile is not "unreasonable" within the proscription of the Fourth Amendment if the totality of the circumstances demonstrate that the search is a bona fide inventory made in the ordinary course of police procedures. The general standard to be applied is reasonableness. Cady v. Dombrowski, supra. An "inventory" search will be unreasonable if it is utilized as a pretext to conduct an "exploratory" search in order to hunt for incriminating evidence. Whether or not *94 an inventory search is unreasonable and has been misused will depend upon the particular facts and circumstances of each case.
Utilizing the standard of reasonableness and recognizing the existence of exceptions to the search warrant requirement the Supreme Court of the United States has recognized the warrantless inventory or caretaking search. Cady v. Dombrowski, supra. See also footnotes 1 and 2, supra. In United States v. Ducker, 5 Cir.1974, 491 F.2d 1190, 1192, the Fifth Circuit Court specifically upheld inventory searches "where it is clear that the procedure used is a valid inventory and is not merely a pretext for a search, whether or not there is some suspicion that contraband or other evidence may be found." See United States v. Lawson, 8 Cir.1973, 487 F.2d 468; State v. Volk, supra. See also State v. Gwinn, Del.Supr. 1972, 301 A.2d 291.
A review of the evidence in the instant case reflects that (1) a minor traffic violation occurred; (2) the arresting officer had no suspicion that the automobile contained contraband (although even the presence of such suspicion might not vitiate an inventory search, United States v. Ducker, supra); (3) the arrest of the defendant was for a valid and lawful purpose; (4) the defendant did not possess a valid driver's license and was precluded from driving his vehicle; (5) the nature of the traffic violation was such as to require the defendant to post a bond; (6) the defendant did not produce a registration reflecting his ownership of the vehicle in question; (7) the incident occurred at three o'clock in the morning; (8) the defendant was the sole occupant, did not protest and offered no other alternative method of securing the vehicle; (9) police procedures which provided for a vehicle to be impounded when an individual is taken into custody were not per se unreasonable in light of the particular factual circumstances; (10) the inventory of the vehicle prior to being towed was not unreasonable under the particular factual circumstances.
In recognizing the validity of the "inventory search" in the instant situation we are not unmindful of the profound concern reflected in the numerous judicial decisions and legal treatises. We would therefore note that the mere fact that many cases have upheld "inventory searches" should not be interpreted as judicial approval of a method to circumvent the protections of the Fourth Amendment. An inventory search in its limited sphere of operation, when properly utilized consistent with its intended purpose, is permissible. The totality of the factual circumstances in each case will determine whether or not an illegal inventory search has occurred. Cf. In re 1972 Porsche 2 Dr., '74 Fla. Lic. Tag 1 D 91780, Fla.App. 1975, 307 So.2d 451.
To minimize the chances of potential abuse of inventory searches while at the same time recognizing its legitimate field of operation, we might suggest that consideration be given to different alternative procedures when it becomes necessary to take an individual into custody (who is either operating an automobile or has possession or control). Absent the heretofore mentioned circumstances of a search incident to a lawful arrest or a search based upon probable cause and absent the impounding of the vehicle as evidence or pursuant to a forfeiture, the impounding and towing of an automobile and its concomitant inventory search is of questionable validity where the location of the automobile does not create a traffic hazard or nuisance and the owner or operator chooses not to have his car impounded. The individual in custody should be advised of and given the choice of leaving the car in its location, contacting someone else to take charge of the car or having it impounded. An individual who is taken into custody ought not to have his vehicle impounded, inventoried and towed away under such circumstances where alternative steps can be *95 taken to secure the vehicle and the individual is willing to accept the responsibility for the safekeeping of the contents of such vehicle.
We are of the opinion, based upon the particular facts of the instant case, that the inventory search did not constitute an unreasonable or illegal search. Accordingly, the order granting the motion to suppress is vacated and set aside and the cause remanded for further proceedings consistent herewith.
OWEN and DOWNEY, JJ., concur.
NOTES
[1] Additional exceptions to the warrant requirement is the seizure of the evidence "in plain view" (in reality, not a search) and a search in connection with the seizure of an automobile for purposes of forfeiture proceedings. Cady v. Dombrowski, supra.
[2] In Cady, supra, the Supreme Court citing its earlier decision in Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), upheld the validity of a warrantless search of an automobile, the justification being "to guarantee the safety of the custodians", i.e. the police having properly impounded the automobile had the right for their own protection to search it. Additionally, the Supreme Court recognized that the inventory search of the trunk of an automobile pursuant to "standard police procedure" which revealed the existence of a revolver was "constitutionally reasonable" and justified on the basis that "concern for the safety of the general public who might be endangered if an intruder removed the revolver from the trunk of the vehicle". The car in question had been towed by the police to a private lot several miles from the police station.