325 So.2d 44 (1975)
Kenneth Glenn WEED, Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Appellee.
No. 75-785.
District Court of Appeal of Florida, Fourth District.
December 31, 1975.
Rehearing Denied February 9, 1976.
Richard L. Jorandby, Public Defender, and Channing E. Brackey, Asst. Public Defender, for defendant.
Robert L. Shevin, Atty. Gen., and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Chief Judge.
This is a plenary appeal via habeas corpus from a conviction of breaking and entering with intent to commit grand larceny. Since the issues have been well briefed and discussed in depth at oral argument we shall concisely present our dispositive conclusions.
The inventory search of appellant's automobile was unreasonable and illegal in that it did not meet the criteria and guidelines provided in the case of State v. Jenkins, *45 319 So.2d 91 (Fla.App. 4th, 1975). In State v. Jenkins, supra, this court approved an inventory search when the totality of the circumstances demonstrated the search was a bona fide inventory made in the ordinary course of police procedure. The court held that:
"Whether or not an inventory search is unreasonable and has been misused will depend on the particular facts and circumstances of each case."
In the Jenkins case the defendant was the sole occupant of the searched vehicle, he had been arrested late at night and the car was on the open highway. The Jenkins defendant did not protest the inventory search. In this case all the occupants of the car, defendant and two others, were arrested, but the arrest was made during trade hours and the car was parked in a Winn-Dixie parking lot. Defendant did protest the search. There was no reason given by the State for an inventory search except that the car was "unattended." That is not sufficient to justify the search. See: In re 1972 Porsche 2 Dr., '74 Fla. Lic.Tag ID 91780, 307 So.2d 451 (Fla.App. 3rd, 1975), in which the court stated:
"At the hearing in the trial court, the state relied simply on the policy of the Dade County Public Safety Department. It was contended that the vehicle was inventoried, searched, and towed as a matter of `self-protection' since the car was not located at the owner's, Higgins', residence and therefore potentially was subject to a claim that either the car or loose articles lying therein were taken. We find such a rationale legally insufficient." Id. at 453.
For inventory searches approved by appellate tribunals see State v. Jenkins, supra; Urquhart v. State, 261 So.2d 535 (Fla.App. 2nd, 1971); State v. Ruggles, 245 So.2d 692 (Fla.App. 3rd, 1971); Godbee v. State, 224 So.2d 441 (Fla.App. 2nd, 1969); Knight v. State, 212 So.2d 900 (Fla.App. 3rd, 1968).
The contraband and confessions obtained from this defendant were tainted by the illegal inventory search, and should have been suppressed. Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The appealed judgment is reversed and the case remanded for a new trial.
Reversed and remanded.
OWEN and DOWNEY, JJ., concur.