328 So.2d 246 (1976)
Dennis Edwin MATTSON, Appellant,
v.
STATE of Florida, Appellee.
No. Z-252.
District Court of Appeal of Florida, First District.
March 10, 1976.
*247 J.B. Murphy, of Murphy & Beroset, Pensacola, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
This appeal presents us with another aspect of the search and seizure issue. Defendant claims that the impoundment of his automobile by the Fort Walton Beach Police Department was unnecessary and resulted in an unconstitutional search and seizure.
On March 31, 1975, shortly after midnight, defendant was driving an automobile which contained two passengers. Officer Williams, observing that the automobile was being operated in a reckless manner, stopped appellant's vehicle and arrested appellant for driving under the influence of intoxicating beverages. After a brief conversation with Officer Williams, appellant's two companions departed the area. Before taking appellant to the police station, Officer Williams locked appellant's automobile which was, according to the official police report, off the roadway and legally parked. At the police station, defendant was given a breathalyzer test and was subjected to a search which revealed two roach clips on his person. Officer Williams, accompanied by another officer, then returned to appellant's automobile in order to drive it to the police department's parking lot for safekeeping. After unlocking the car, Officer Williams entered the automobile and detected the smell of marijuana. He also discovered some marijuana seeds on the floorboard. Upon arriving at the police department parking lot, Officer Williams continued the search, finding over $1500 in the glove compartment and approximately six and one-half pounds of marijuana which was in a large suitcase in the trunk.
Appellant's primary contention is that the arresting officer had no legitimate reason for returning to appellant's automobile and unlocking the doors of his car which was legally parked. Appellant's secondary argument is that even assuming that the arresting officer was justified in returning to the parked vehicle, he had no reason for failing to secure a search warrant before engaging in a full scale search of the automobile at the police station parking lot. Appellant concedes that Officer Williams had probable cause to initially stop and arrest him for driving while under the influence of intoxicating beverages.
We agree with appellant that under certain circumstances, a search should be invalidated where police have impounded the vehicle in question but the record reveals no necessity for the impoundment. See State v. Volk, Fla.App. 2nd 1974, 291 So.2d 643. In the Volk case, the trial court found that there was no necessity for impounding the vehicle in question. In the instant case, there was no such finding. Moreover, the Volk decision recognized that the police may necessarily impound a vehicle where its sole occupant is, because of intoxication, unfit to drive. Sub judice, the police were correct in moving appellant's automobile to the police parking lot after appellant's valid arrest for driving while intoxicated. Even though the automobile was properly parked, the police acted reasonably in their effort to safeguard appellant's vehicle. The location of the automobile is pertinent: Had the vehicle been parked in the driveway of appellant's home or even parked on the street in front of appellant's home, a different situation might well have been presented. However, the record reveals that the vehicle was parked on the side of the road, across from a local night spot. Under such conditions, it was entirely reasonable to take the car into custody to protect it from potential theft or damages. We further note that the police are not required in impounding a vehicle to have it towed, rather than driven, to the police station.
*248 Having lawfully impounded appellant's vehicle, the police officers proceeded to conduct a warrantless search of the vehicle, including the trunk, after Officer Williams detected the smell of marijuana within the automobile. This Court has previously held that the smell of marijuana is sufficient to provide instant probable cause to search for marijuana. (Berry v. State, Fla.App. 1st 1975, 316 So.2d 72) On that basis this case is distinguishable from Miller v. State, Fla.App. 2nd 1962, 137 So.2d 21, wherein the reviewing court found that the suspicions of the investigating officers were not sufficient to constitute probable cause. Nor does this case involve an inventory search of a validly impounded automobile. Thus, the remaining question is whether the police may search a validly impounded automobile where there exists probable cause but where no attempt has been made to secure a search warrant. The United States Supreme Court has answered the question in the affirmative. That Court reasoned:
"For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment. * * * The probable-cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured. In that event there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained." (Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970))
We, therefore, conclude that the impoundment of appellant's vehicle was reasonable as was the resulting search. Appellant's conviction is affirmed.
AFFIRMED.
McCORD, J., and LEE, THOMAS E., Associate Judge, concur.