330 So.2d 166 (1976)
Edward George CHUZE, Appellant,
v.
STATE of Florida, Appellee.
No. 75-351.
District Court of Appeal of Florida, Fourth District.
April 2, 1976.
Rehearing Denied May 5, 1976.
*167 Glenn R. Roderman, of Varon, Stahl & Kay, P.A., Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant pleaded nolo contendere to the charge of possession of marijuana, reserving his right to take this appeal from the denial of his motion to suppress evidence seized as the result of a warrantless inventory search of his automobile.
Appellant was stopped by one Officer Jessel of the Broward County Sheriff's Department for a "routine check" because, as that officer explained, appellant was driving in a high-crime area very late at night. In the course of conducting this routine check, Officer Jessel discovered that appellant had been living and working in Florida for three months, but was still using his Pennsylvania driver's license and license tag, in violation of Fla. Stat. §§ 320.38 and 322.031 (1973), and further, that appellant's Pennsylvania inspection sticker had expired. The officer advised appellant that on account of these violations he would be taken to the police station and that his car would have to be towed because it would not be safe on the street. Appellant thereupon requested that a tow truck from his automobile club, Triple A, be called so that he could save towing charges. Officer Jessel acceded to this request and, accordingly, a call was made to the Triple A.
The testimony as to the time sequence of the subsequent events is conflicting. However, it appears that anywhere from five to fifty minutes after the initial stop, before the Triple A tow truck could arrive, two more officers arrived at the scene to offer their assistance. After conferring with Officer Jessel, and without any further word being said to appellant, these officers proceeded to conduct what they and appellee maintain to have been an inventory search of appellant's vehicle, preparatory to police towing and impoundment. This search yielded the evidence here sought to be suppressed, marijuana in excess of five grams. Appellant was then placed under arrest for possession of marijuana.
The evidence is also conflicting as to whether the Triple A tow truck ever arrived. Appellant testified that it did arrive shortly after the conclusion of the search of his vehicle, but that it was sent away by the officers who then waited for the police wrecker to come to tow the vehicle. Officer Jessel, however, testified that the Triple A truck never showed up.
We have only recently had occasion to review the law regarding warrantless inventory searches of automobiles, in State v. Jenkins, 319 So.2d 91 (Fla.App. 4th 1975). We there made clear that an inventory search is a search within the contemplation of the Fourth Amendment *168 and that the reasonableness or unreasonableness of such a search depends upon the particular facts and circumstances of each case. We also made the following observations which are of particular relevance to the case at bar:
"Absent ... circumstances of a search incident to a lawful arrest or a search based upon probable cause and absent the impounding of the vehicle as evidence or pursuant to a forfeiture, the impounding and towing of an automobile and its concomitant inventory search is of questionable validity where the location of the automobile does not create a traffic hazard or nuisance and the owner or operator chooses not to have his car impounded. The individual in custody should be advised of and given the choice of leaving the car in its location, contacting someone else to take charge of the car or having it impounded. An individual who is taken into custody ought not to have his vehicle impounded, inventoried and towed away under such circumstances where alternative steps can be taken to secure the vehicle and the individual is willing to accept the responsibility for the safekeeping of the contents of such vehicle." (e.s.) (319 So.2d at 94-5).
We hold that under the facts and circumstances of this case the "inventory" search here conducted was unreasonable and therefore violative of appellant's rights under the Fourth Amendment. Appellant, on his own initiative, suggested an entirely reasonable alternative to having his vehicle towed and impounded by the police, thereby manifesting his choice not to submit his possessions to police custody, see, Weed v. Wainwright, 325 So.2d 44 (Fla.App. 4th 1975), and we think appellant was entitled to have this choice honored if at all practicable. See, State v. Jenkins, supra. Apparently conceding the reasonableness of appellant's proposal, the police officer at the scene acquiesced in it, as he should have; however, at some subsequent point in time he reneged on his implied agreement. We wish to make very clear that it is the way in which the officer reneged, rather than the fact that he did, which motivates our decision in this case. That is, we do not premise our decision upon any conclusion drawn from the period of time which the officers spent waiting for the Triple A tow truck to arrive,[1] or the conflicting testimony as to whether or not it arrived at all, but rather, upon the fact that, after deciding that they could or would wait no longer for the Triple A tow truck, the officers simply proceeded with the search without further consulting appellant as to other alternatives. The totality of these circumstances indicates to us that this "inventory" search was not conducted in good faith and was nothing more than a pretext for an exploratory search of appellant's vehicle.
The order denying appellant's motion to suppress is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] While this argument was not raised by appellee here, we can easily postulate a situation in which a motorist's request that a police officer wait any appreciable length of time for the arrival of a private tow truck would be unreasonable. This may or may not have been the case here, but we do not need to make this decision. We do note, however, that it was Officer Jessel who testified that the two backup officers arrived only five minutes after the stop, whereas it was appellant who approximated the time as closer to fifty minutes. The testimony was uncontradicted that the search was conducted almost immediately after the arrival of these two officers. If we were to accept the State's version of the events, then, the search would certainly have been unreasonable on this basis alone.