336 So.2d 687 (1976)
Artis GUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1416.
District Court of Appeal of Florida, Fourth District.
August 27, 1976.
*688 Richard L. Jorandby, Public Defender, and Channing E. Brackey, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
After trial by jury defendant was found guilty of the offense of possession of more than five grams of cannabis, contrary to Section 893.13(1)(e)[1] and 893.13(1)(f)[2], Florida Statutes (1973). Adjudication of guilt was withheld and defendant was placed on probation. Four issues have been raised by this appeal.
First, appellant contends that the trial judge erred in not dismissing the felony charge of possession of more than five grams because the State failed to prove the weight of the cannabis. Defense counsel stipulated that the seized substance was cannabis but made no stipulation as to the amount or weight. The cannabis was not weighed and no competent testimony was presented to establish its weight. In denying defendant's motion for acquittal on the felony charge, the trial judge said:
"While we have no expert testimony as to the weight of those bags, it's something the jury can look at and feel and I think it's really a jury question . ." Trial transcript, p. 125.
Factually this case is similar to Samet v. State, 284 So.2d 450 (Fla.3d DCA 1973). There in a non-jury trial the State failed to present any evidence as to quantity or weight of the cannabis. Samet's attorney moved to treat the matter as a misdemeanor, but the trial court proceeded on the basis of a felony, without proof of weight, stating: "Well, I think I can. It's in evidence. I can look at it and I can know it's more than five grams." The appellate court in Samet, supra, rejected this argument, and reversed the felony conviction.
In the present case the State contends that it has no burden to prove the weight of the cannabis. The State argues that the burden is on the defendant to prove the weight of the marijuana to be less than five grams in order to make the offense a misdemeanor. To accomplish this the State relies upon Section 893.10(1), Florida Statutes (1973), which provides:
"It shall not be necessary for the state to negative any exemption or exception set forth in this chapter in any indictment, information, or other pleading or in any trial, hearing, or other proceeding under this chapter, and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit."
In our opinion this section is inapplicable. It relates only to the various statutory exemptions or exceptions specifically set forth in Chapter 893. For example, an exception to the crime of possession of a controlled substance under § 893.13(1)(e) is *689 that the controlled substance "... was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice ..." Under § 893.10 it would not be necessary for the State to prove that the defendant did not have a valid prescription. If the defendant relied upon such an exception as a defense, then the burden of proof would be upon the defendant.
A different situation exists with reference to the weight of the cannabis. If the State as in this case has not alleged and proven a prior conviction under § 893.13(1)(f) it is only the weight of the cannabis that determines whether the offense is a felony or a misdemeanor. Therefore weight in excess of five grams is an essential element of the felony offense and must be proven by the State. Pope v. State, 268 So.2d 173 (Fla.2d DCA 1972). The trial court erred in not granting defendant's motion of acquittal on the felony charge.
We now consider the second point raised by this appeal. Defendant moved to suppress the cannabis taken from his automobile subsequent to his arrest. The trial court denied the motion.
Defendant first contends that his arrest was invalid because it was made without a warrant although a warrant could have been reasonably obtained. For this proposition defendant relies upon the case of Carter v. State, 199 So.2d 324 (Fla.2d DCA 1967). However the Florida Supreme Court has subsequently held that to the extent Carter, supra, purports to impose requirements other than those set out in Chapter 901, Florida Statutes, for a valid arrest without a warrant, it is erroneous. Falcon v. State, 226 So.2d 399 (Fla. 1969). See also State v. Rameriz, 284 So.2d 241 (Fla.4th DCA 1973); State v. Cannon, 317 So.2d 103 (Fla.4th DCA 1975). Defendant's first contention is without merit.
Next defendant contends that even if his arrest was valid the inventory search of his automobile was not. We agree. Defendant testified that after his arrest he asked the arresting officer if he could call his mother so she could come and pick the car up. The arresting officer told the defendant "I can't do that, it'll be towed away." A second officer told the defendant that the car was going to be impounded, and he could choose to have a tow truck or allow police personnel to drive the vehicle to the police department to be impounded. When presented with these alternatives the defendant gave permission for the officer to drive the car to the police station. At the station the car was searched and the contents inventoried. It was during this search that the cannabis was found. Defendant did not consent to the search.
In the present case there was no showing in the record that the automobile, if it had been left parked, would have created a traffic hazard or nuisance. The defendant was not given the choice of not having his car impounded. He was not allowed to call his mother to come take the car away, which according to defendant would have taken five minutes. As we stated in State v. Jenkins, 319 So.2d 91 (Fla.4th DCA 1975):
"... the impounding and towing of an automobile and its concomitant inventory search is of questionable validity where the location of the automobile does not create a traffic hazard or nuisance and the owner or operator chooses not to have his car impounded. The individual in custody should be advised of and given the choice of leaving the car in its location, contacting someone else to take charge of the car or having it impounded. An individual who is taken into custody ought not to have his vehicle impounded, inventoried and towed away under such circumstances where alternative steps can be taken to secure the vehicle and the individual is willing to accept the responsibility for the safekeeping of the contents of such vehicle."
See also Weed v. Wainwright, 325 So.2d 44 (Fla. 4th DCA 1976) and Chuze v. State, 330 So.2d 166 (Fla. 4th DCA 1976).
*690 Based upon the particular facts of this case we find that the inventory search was unreasonable and illegal. The trial court erred in denying defendant's motion to suppress and should not have admitted into evidence the cannabis which was seized from appellant's car.
We have considered appellant's third point and find that it is without merit. In view of the court's ruling on points one and two it has not been necessary to consider the last point on appeal, questioning the validity of conditions 9 and 10 of appellant's probation.
Since the State would be unable to establish a prima facie case without introducing the cannabis into evidence, the conviction is reversed and the case remanded with instruction that the appellant be discharged.
MAGER, C.J., and WILLIAMS, W.C., III, Associate Judge, concur.
NOTES
[1] Fla. Stat. § 893.13(1)(e) It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or[*] [to be in actual or constructive possession of a controlled substance] except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

* Note.-Bracketed language inserted by the editors.
[2] Fla. Stat. § 893.13(1)(f) If the first offense is the possession or delivery without consideration of not more than 5 grams of cannabis, that person shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 and § 775.083. For purposes of this subsection, "cannabis" shall not include the resin extracted from the plant Cannabis sativa, or any compound manufacture, salt, derivative, mixture, or preparation of such resin.