345 So.2d 809 (1977)
Tyrone Bernard JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 76-719.
District Court of Appeal of Florida, Fourth District.
April 22, 1977.
David M. Hammond, of Meyers, Mooney & Adler, Orlando, for appellant.
*810 Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a denial of a Motion to Suppress Evidence and a Judgment of conviction.
At 4:00 P.M. the Appellant was in his car following two of his friends in another car on their way to the friends' house. The police had warrants for the arrest of Appellant for driver license violations and stopped the Appellant in order to arrest him in accordance with those warrants. Upon the Appellant being stopped he was ordered from his car, handcuffed and placed in the police car. In the meantime the Appellant's friend saw the police stop the Appellant, turned her car around and drove back to the scene of the arrest. Both the Appellant and his friends requested the police to release the car to one of the friends, at least one of whom was a licensed driver. Instead the police proceeded to seize the car and search it without a search warrant or the valid consent of the Appellant. Probable cause to search was non-existent.
The State urges the search was not a search but an inventory subsequent to an impounding of the car. The officer testified it is routine procedure to conduct an inventory of the contents of a car after its driver is arrested. The officers also testified that the inventory had already begun when the Appellant and friends asked that the car be released to one of the friends.
During the search of the car, to inventory the contents, the officers opened the trunk and found a suitcase laying underneath a garment bag. There was also a toolbox in the trunk. In order to complete their inventory the officers obtained from the Appellant's pocket a key which fit the locked toolbox. They opened it. They also opened the suitcase and found an envelope inside. They opened the envelope and found what ultimately turned out to be cocaine.
The question is whether or not the search and seizure was a valid exercise of police power not in contravention of Appellant's rights under Article I, Section 12 of the Florida Constitution and the Fourth Amendment to the United States Constitution.
There is no question that an inventory is a search. State v. Jenkins, 319 So.2d 91 (Fla. 4th DCA 1975). Nor is there any question that inventory searches are proper to protect the arrestee's property from theft and the police from false claims. Godbee v. State, 224 So.2d 441 (Fla. 2d DCA 1969).
But there is a limit to the right of the police to dig into the affairs of an arrestee and the limit was breached here. As was stated in Jenkins, supra, the totality of the circumstances must be viewed in each case, but certain standards are not hard to define. For example, in order for the police to inventory they must have a need to impound. Chuze v. State, 330 So.2d 166 (Fla. 4th DCA 1976). In the case at bar the friends of the Appellant were on the scene from the beginning and certainly before the trunk search began. They were willing and the Appellant requested that they be allowed to take the car. Thus the need to search the trunk was obviated. With no inventory need to search, no probable cause to search and no search warrant it becomes rather obvious the search was unreasonable and probably a pretext for an exploratory search. Chuze, supra.
In Jenkins, supra, we said:
"The individual in custody should be advised of and given the choice of leaving the car in its location, contacting someone else to take charge of the car or having it impounded. An individual who is taken into custody ought not to have his vehicle impounded, inventoried and towed away under such circumstances where alternative steps can be taken to secure the vehicle and the individual is willing to accept the responsibility for the safekeeping of the contents of such vehicle." at 94-95. (Emphasis in original.)
In the case at bar the police officers never advised the Defendant of the applicable alternative choices and, in fact, eliminated *811 the quite acceptable choice made by refusing to release the car.
The Order denying the Motion to Suppress and the Judgment of conviction is reversed and this matter is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
MAGER, C.J., and ALDERMAN, J., concur.