348 So.2d 623 (1977)
John Will TOLBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 75-2237.
District Court of Appeal of Florida, Fourth District.
July 8, 1977.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Chief, Appellate Div., and James H. Earp, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
PARHAM, Associate Judge.
The trial court denied the appellant/defendant's motion to suppress evidence on grounds that a police search of the defendant's car was a valid inventory search. The defendant thereafter plead nolo contendere to possession of more than 5 grams of marijuana in violation of F.S. 893.13(1)(e). As authorized in State v. Ashley, Fla. 1971, 245 So.2d 225, the trial court received the defendant's plea with reservation of right to appellate review of the legality of the seizure of the evidence.
The sole question on appeal relates to the legality of this "inventory" search made by the police pursuant to impounding the defendant's car.
The search and seizure complained of herein occurred at approximately 5:00 A.M., March 15, 1975. While on routine patrol in a business district of Orlando, Florida, two police officers, Price and Ludwig, noticed a car parked off Buck Alley with two subjects in it. The officers approached the vehicle and asked for identification, the car being parked near a row of businesses in a high crime area. The car was lawfully parked. A teletype check of the identification given revealed that the defendant was wanted on a municipal contempt of court warrant. Defendant was thereafter arrested on that charge and told that his vehicle would be impounded pursuant to department policy.
*624 During the arresting process, defendant asked that Willie Albert Gray, the other individual in the car, be allowed to take custody and control of defendant's car. This request was denied. Officer Price testified that he felt he had authority to impound the vehicle pursuant to department regulations. In fact, Officer Price's testimony showed that the arrest of defendant under the facts herein presented was not one of the situations enumerated in the regulation which required impoundment.
The defendant's car was summarily "impounded". A search disclosed more than 5 grams of marijuana under the floor mat. He was then arrested for possession of same.
Willie Albert Gray testified that he was twenty-five years old and had known defendant almost all his life. He further testified that one of the officers said he could take custody of defendant's car, which the officer later denied.
The facts disclose that two obvious alternative procedures existed that would preclude this warrantless search of defendant's automobile. The car was lawfully parked. The defendant should have been given the option of leaving same. His friend could have driven the car as requested. This option was denied. The officer in question not only disregarded the plain controlling law on the subject, but the departmental regulations enacted to give proper guidelines to insure proper police restraint in unnecessarily taking over and unreasonably searching citizen's private automobiles. There was no legal justification for impounding defendant's automobile. It follows that there was no legal justification for searching same.
The Court below erred in denying defendant's motion to suppress. We reverse. These cases are controlling: State v. Jenkins, Fla.App.4th, 1975, 319 So.2d 91; Weed v. Wainwright, Fla.App.4th, 1975, 325 So.2d 44; Chuze v. State, Fla.App.4th, 1976, 330 So.2d 166; and Jones v. State, Fla.App.4th, 345 So.2d 809, opinion filed April 22, 1977. See also Altman v. State, Fla.App.2d, 1976, 335 So.2d 626.
We hereby reverse the Order Withholding Adjudication of Guilt and Placing Defendant on Probation and remand the cause for the entry of an order granting defendant's Motion to Suppress Evidence and for further proceedings.
REVERSED AND REMANDED, with directions.
DOWNEY and ALDERMAN, JJ., concur.