353 So.2d 854 (1977)
Josh SESSION, III, Appellant,
v.
STATE of Florida, Appellee.
No. 77-61.
District Court of Appeal of Florida, Fourth District.
November 22, 1977.
Philip G. Butler, Jr., of Foley, Colton & Butler, West Palm Beach, for appellant.
David H. Bludworth, State Atty., and Edward A. Garrison, Asst. State Atty., for appellee.
DOWNEY, Judge.
This case involves a search of an automobile which we hold to have been a pretextual inventory search.
Appellant Josh Session, accompanied by a female passenger, was driving his brother's automobile during the daytime in the City of Riviera Beach. Session had his brother's consent to use the automobile. Pursuant to an outstanding warrant, two Riviera Beach police officers pulled Session over and ordered him and his passenger out of the car. Session was handcuffed and placed in a police cruiser. Thereupon, one of the officers immediately commenced an inventory search of the automobile during which a pistol was found under the front seat and a sawed off shotgun was found in the trunk.
The testimony at a suppression hearing showed that prior to exiting the car Session had told the passenger if he were arrested she was to drive the car on to work. The passenger asked permission of the police to drive the car to her place of employment but was refused, even though she had a valid driver's license. The police never advised Session that he had the option to have the automobile remain where it was, or to have the passenger drive it away. The officer simply told Session he was going to impound the car and Session said, "Okay." The officer testified that it was standard police procedure, when a driver was arrested, to impound the car.
In the order denying the motion to suppress, the trial judge found, among other things:
"D. The automobile constituted a traffic hazard.
"E. An occupant of the automobile sought to drive it from the arrest scene. Had she been permitted to do so, the owner's financial responsibility to respond under the dangerous instrumentality doctrine would have been abated (and the public's protection decreased) while she was behind the wheel. Ray v. Earl, 277 So.2d 73 (2d DCA Fla. 1973)."
We assume the foregoing factual findings are the basis for the denial of the motion to suppress. However, we have read the entire transcript of the suppression hearing *855 and the evidence is clear that the car was pulled off the traveled roadway onto the shoulder and that it did not impede the flow of traffic in any way. Thus, the finding that "the automobile constituted a traffic hazard" is unsupported by the record.
Item E, from the Order under review, has to do with financial responsibility. We assume the trial judge concluded that, since the passenger did not have the owner's permission to drive the car, the owner and his insurance carrier would not be required to respond in damages for any negligence of the passenger while operating the vehicle. In support of this proposition the order cites Ray v. Earl, 277 So.2d 73 (Fla.2nd DCA 1973). However, the Ray case stands for the opposite conclusion. It specifically holds that, since an automobile is a dangerous instrumentality, the owner and his insurance carrier are liable to third parties for the negligent operation of the automobile by a person (the first permittee) using the car with the owner's knowledge and consent. In addition, Ray holds the owner and his insurance carrier are liable for the negligent operation of the car by another person using the car with the consent of the first permittee. See Rouse v. Greyhound Rent-A-Car, Inc., 506 F.2d 410 (5th Cir.1975). Hence it appears the premised legal conclusion is erroneous. But even if the foregoing were not true the injection of financial responsibility into the picture is also unsupported in the record. It is pure speculation as to whether there was any insurance coverage involved.
Unquestionably inventory searches have their place and have been approved in appropriate circumstances. Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); State v. Jenkins, 319 So.2d 91 (Fla.4th DCA 1975). However, in the latter case this court held:
"Absent the heretofore mentioned circumstance of a search incident to a lawful arrest or a search based upon probable cause and absent the impounding of the vehicle as evidence or pursuant to a forfeiture, the impounding and towing of an automobile and its concomitant inventory search is of questionable validity where the location of the automobile does not create a traffic hazard or nuisance and the owner or operator chooses not to have his car impounded. The individual in custody should be advised of and given the choice of leaving the car in its location, contacting someone else to take charge of the car or having it impounded. An individual who is taken into custody ought not to have his vehicle impounded, inventoried and towed away under such circumstances where alternative steps can be taken to secure the vehicle and the individual is willing to accept the responsibility for the safekeeping of the contents of such vehicle." Id. at 94. (Emphasis that of court.)
On the facts of this case, we believe that our holdings in State v. Jenkins, supra, and Jones v. State, 345 So.2d 809 (Fla.4th DCA 1977), required that the police advise Session of his option to leave the automobile where it was located or allow him to have it driven away by the passenger or some other person of his choice.
Accordingly, since we find the trial court should have granted appellant's motion to suppress, we reverse the judgment and sentence appealed from and remand the cause to the trial court for a new trial.
ANSTEAD and LETTS, JJ., concur.