BERANEK, Judge.
This is an appeal by the State from an order granting in part defendant’s motion to suppress. Defendant was charged with the crimes of sexual battery involving the use of a firearm and with kidnapping. Defendant moved to suppress various items seized from the defendant’s home and from his automobile. The trial court denied the motion as to the items obtained from the house but suppressed a gun seized from the defendant’s car. We reverse.
Police officers of the City of Miramar were advised by a high school girl from Dade County that she had been picked up by a man in an automobile at her high school, threatened with a gun, and transported to the home of the man where he committed sexual assault upon her. The man then transported her back to her high school in the same automobile. The victim described the individual who committed the battery upon her, the automobile in which she was transported and the home in which the act took place. On the basis of this information, the police located what they thought to be the home and were watching it when the defendant came out, entered a car and drove away. The color and other specific identifying marks on the automobile matched the description given by victim. The house was as described by the victim, as was the appearance of the defendant. The police followed the vehicle. The defendant stopped at a gas station and while there, a police officer approached him and told him they were investigating an alleged sexual battery. The defendant was asked to accompany the police back to the police station. The defendant apparently did so voluntarily.
While at the police station, the defendant initially denied any ' involvement in the crime but later stated that he had in fact picked up a girl, driven her to his home; and had sexual relations with her. Defendant stated that the girl consented.[1]
When the defendant admitted having sexual relations with a girl on the day in question, the police arrested him for the crime of sexual battery. Defendant’s car had been driven to the police station by a police officer with the defendant as a passenger. The police officer had locked the car and given' the defendant the keys. Upon being advised of his arrest, the defendant asked the police what would become of his car. The officer advised him that it would be impounded and in reply to this, defendant told the police that there was a loaded gun in the locked console of the car between the seats. The defendant gave the police the keys to the car and told them to remove the gun from the car. The officers did so.
The trial court suppressed the gun finding that the police should have sought a warrant before seizing the gun. Defendant had also moved to suppress his oral statements made during the police interview and other items of tangible evidence seized from his home on the following day pursuant to a *979 search warrant.[2] The trial court denied the motion to suppress as to the oral statements and the items taken from the home.
Under the circumstances of this case, we conclude the trial court erred in holding a warrant was necessary. Here the defendant had just been arrested on clear probable cause for the crime of sexual battery. The automobile in which the victim was transported and threatened was an instrumentality of the crime. This was not a situation as presented in State v. Jenkins, 319 So.2d 91 (Fla. 4th DCA 1975), where the defendant should have been advised of available alternatives for the disposition of his automobile. State v. Jenkins, supra, and cases such as Jones v. State, 345 So.2d 809 (Fla. 4th DCA 1977), and Chuze v. State, 330 So.2d 166 (Fla. 4th DCA 1976), are inapplicable.
When advised that his car was to be impounded, defendant told the police of the gun and told them to remove it. The presence of the gun was consistent with statements of the victim about defendant’s use of a gun, and the immediate retrieval of the gun from the automobile was not improper. Indeed, we believe the defendant’s conduct invited seizure of the gun. Of application is Roush v. State, 203 So.2d 632 (Fla. 3d DCA 1967), where the defendant was arrested for driving under the influence of intoxicants and upon his arrest informed the police that there was $1200 in cash in his automobile. The police searched the ear without a warrant and found certain unlawful drugs later introduced into evidence. On appeal the Third District held the car properly impounded and that the seizure was impliedly invited by defendant’s statements.
In State v. Jenkins, 319 So.2d 91 (Fla. 4th DCA 1975), this Court stated at page 94:
Absent . . . circumstances of a search incident to a lawful arrest or a search based upon probable cause and absent the impounding of the vehicle as evidence or pursuant to a forfeiture, the impounding and towing of an automobile and its concomitant inventory search is of questionable validity where the location of the automobile does not create a traffic hazard or nuisance and the owner or operator chooses not to have his car impounded.
Although seizure of the gun might well be sustained on one or more of the circumstances mentioned in Jenkins, it is unnecessary to so hold. Here defendant’s statements must be interpreted as consent to the seizure. We conclude the trial court erred in granting the motion to suppress.[3] The order appealed from is vacated and the case remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD, J., and SIMONS, STUART M., Associate Judge, concur.

. The victim who reported the alleged sexual battery was a female high school student of oriental extraction. When the defendant admitted he picked up a girl, he stated that she was an Oriental.

. Although the motion itself does not mention the defendant’s oral statements, it appears that the suppression of these statements was argued and ruled upon during the motion.

. The ruling of the trial court would have required that a warrant be obtained first. If police had here advised defendant that his car was being impounded pending an application for a search warrant there can be little doubt that his reply to them would have been the same.