DAUKSCH, Judge.
This is an appeal from an order placing appellant on probation. The issue for us to decide is whether the cases of Miller v. State, 403 So.2d 1307 (Fla.1981); Session v. *1132 State, 353 So.2d 854 (Fla. 4th DCA 1977); Jones v. State, 345 So.2d 809 (Fla. 4th DCA 1977); Altman v. State, 335 So.2d 626 (Fla. 2d DCA 1976) and State v. Jenkins, 319 So.2d 91 (Fla. 4th DCA 1976) apply to the facts of this case. We hold that they do apply and reverse the order of the trial court denying the suppression of evidence.
After a chase, appellant was apprehended by the highway patrol and his car was impounded, inventoried and towed away. During the inventory the patrolman found some marijuana and arrested appellant for possession of the drug. The car which appellant had been driving was half-in and half-out of a ditch when it was finally stopped after the chase and, although the evidence is equivocal on this point, the car may have been presenting a traffic hazard at its resting place. Thus it can be concluded that it was necessary for the car to be impounded, inventoried and removed.
Although the cases cited above require a police officer to tell a person that his car is going to be towed away and to give the person a reasonable opportunity to provide an alternative to the impoundment, this patrolman failed to do so. Because of that failure the impoundment was improper, the inventory search illegal and the evidence inadmissible. The order denying the suppression is reversed and this cause is remanded for discharge of appellant.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.