PER CURIAM.
Appellant, Joseph Theodore Jenkins, and co-defendant, Lorenzo Marshall,[1] were charged in a four count information with: kidnapping; armed robbery; sexual battery with the use of a firearm; and possession of a firearm during the commission of a felony-
Appellant was convicted and sentenced upon all counts pursuant to guilty verdicts by the jury.
Appellant urges reversal of his convictions on the grounds that the trial court erred in failing to grant his motion to suppress the victim’s fingerprints which were lifted from the trunk of the impounded automobile used by appellant in the commission of the crimes charged. The other ground urged is that the trial court erred in failing to suppress a statement made by appellant which acknowledged that he had engaged in sexual intercourse with the victim.[2]
Appellant, in the instant case, has the burden of showing that the trial proceedings were so infected with prejudicial error as to compel a reversal of the judgment appealed. Such error must be clearly demonstrated by the appellant.
We have carefully considered the entire record, all points raised in the briefs, and argument of counsel, in the light of the controlling principles of law and have concluded that no reversible error has been demonstrated. The jury was fully supported in its verdicts by ample evidence, and the trial court’s rulings on the motions to suppress the fingerprints taken from the properly impounded vehicle, searched as an instrumentality of the crime, State v. Pacitti, 383 So.2d 977 (Fla. 4th DCA 1980); State v. Jenkins, 319 So.2d 91 (Fla. 4th DCA 1975), and appellant’s statement acknowledging sexual intercourse with the victim, see Barnason v. State, 371 So.2d 680 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 764 (Fla.1980); DeCastro v. State, 359 So.2d 551 (Fla. 3d DCA 1978), were in accord with the controlling principles of law.
No error has been demonstrated which injuriously affected any substantial or constitutional rights of the appellant. Therefore, we affirm. Section 924.33, Florida Statutes (1981); Olsen v. State, 338 So.2d 225 (Fla. 3d DCA 1976); State v. Sanders, 266 So.2d 79 (Fla. 4th DCA), cert. denied, 269 So.2d 370 (Fla.1972).
Affirmed.

. Marshall is not a party to this appeal.

. The statement was made after he had been given his “Miranda rights.”