275 So.2d 605 (1973)
STATE of Florida, Appellant,
v.
George Lee CASH, Appellee.
No. S-465.
District Court of Appeal of Florida, First District.
April 10, 1973.
Rehearing Denied April 27, 1973.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellant.
Donald C. Jacobson, Daytona Beach, for appellee.
JOHNSON, Judge.
By this interlocutory appeal, the State seeks reversal of the lower court's order granting the defendant's motion to suppress certain evidence found in his automobile.
The only facts pertinent to a disposition of the issue of whether said evidence was inadmissible because it was the fruit of an unlawful search and in violation of defendant's constitutional rights are as herein set out. On June 17, 1972, defendant was arrested for trespassing at the Town and Surf Motel in Daytona Beach. As he was being walked to the police car to be taken to the police station, the motel owner advised the arresting officer that the defendant had a car on the motel premises and asked that it be removed. The arresting officer then called a wrecker to have the car towed to the police compound while the defendant was in jail. Before the wrecker arrived, the arresting officer went to the car to make a "routine inventory ... to make sure there is nothing that can be claimed of value that might have possibly been taken from the car while impounded." This was normal police procedure when dealing with impounded vehicles. After placing the defendant's keys in the ignition, the arresting officer observed a cellophane bag containing a substance which appeared to be marijuana. *606 This bag was lying in the open console between the bucket seats and it was in plain view. When the front seat was pushed forward so that the back seat could be inventoried, an orange capsule came into plain view. These two items  the bag containing cannabis and the orange capsule  were the subject of the order granting defendant's motion to suppress.
The State contends that the trial court erred in suppressing the evidence found in defendant's car for the reason that the arresting officer had a lawful right to be in the position from which he viewed the evidence inasmuch as he was conducting a routine inventory search of the vehicle before impounding it. Once lawfully inside the defendant's vehicle, what is observed in plain view cannot be objected to, for to observe what is in plain sight is not a search. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Parnell, 221 So.2d 129 (Fla. 1969).
We agree with the State's contention herein and are required to reverse the order granting the defendant's motion to suppress the evidence found in the automobile. This case involves a routine inventory search conducted after the motel owner's request to the arresting officer to remove the trespassing defendant's vehicle from the motel premises. When police officers are lawfully in possession of a vehicle after its owner has been placed under arrest and are responsible for protecting it, it is reasonable to conduct a search for the purpose of making an inventory of the contents of the vehicle. Urquhart v. State, 261 So.2d 535 (Fla.App.2d, 1971). Objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. Harris v. United States, supra, United States v. Mitchell, 458 F.2d 960 (9th Cir., 1972).
For the reasons hereinabove set forth, the order suppressing evidence is reversed and this cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
SPECTOR, C.J., and WIGGINTON, J., concur.