BOYER, Judge.
Appellant, defendant in the trial court, was charged in an eight-count indictment, but was tried under only three counts: Count II, breaking and entering with intent to commit a felony (grand larceny); Count III, possession of phenocyclidine; and Count IV, possession of phenobarbital. *79 The jury found defendant guilty of Count II (breaking and entering) but not guilty of Counts III and IV (possession of phen-ocyclidine and phenobarbital).
The facts are not in dispute. Defendant was identified by a photograph as one of the persons who had broken and entered a room at the Caravelle Motel in Daytona Beach. He was located at the Castaway Beach Motel in Daytona Beach Shores and there placed under arrest. With the defendant at the time of his arrest was a companion, one Gentry. Although no charges were made against Gentry he followed the arresting officers into the parking lot and created a disturbance by using loud profane language, whereupon he was arrested by the Daytona Beach Shores Police. Upon the police telling Mr. Gentry that they believed one Wallace to be in Gentry’s motel room he (Gentry) agreed to accompany the officers to the room and allowed them to search for the purpose of determining that Wallace was not present. Wallace was not found to be in the room but a knapsack was noted there. The arresting officers testified that Gentry voluntarily turned the knapsack over to them, not wanting to be responsible for it since it was not his. The officers thereupon took possession of the knapsack which defendant subsequently identified as being his. On the way to the police station defendant was given his “Miranda warnings”. At the station ■ the knapsack was inventoried and found to contain narcotic implements, a powdery substance in a gum wrapper, a plastic container with three pills, a package containing a leafy substance, and a man’s wristwatch. Two items were subsequently introduced into evidence at the trial and there identified by a State Chemist as phenobarbital and phenocyclidine. After the inventory was made of the knapsack at the police station, appellant was again advised of his rights and thereafter admitted that he made money by selling narcotics around the Daytona Boardwalk and that he acted as a lookout while a companion robbed a room at the Caravelle Motel.
Both before and during the trial the defendant moved to suppress the contents of the knapsack which motions were denied. When the State sought to adduce testimony from the police officer as to defendant’s statement that he had been making money by selling narcotics around the Boardwalk area defendant’s counsel objected and asked for a mistrial. The trial judge sustained the objection but denied the motion for a mistrial. The officer was subsequently permitted to testify as to the remainder of defendant’s statement.
The defendant urges on this appeal that the trial court erred in admitting into evidence portions of the contents of the knapsack above mentioned; contending that the search does not fall under one of the recognized exceptions to the requirements of a search being conducted pursuant to a warrant. This contention we reject. As above recited the knapsack was voluntarily delivered to the police by Gentry, in whose room it was found, because Gentry did not want to be responsible for it. The police were fully justified in making an inventory of the contents of the bag under such circumstances: Indeed, they would have been derelict in their duties had they failed so to do. (See State v. Cash, Fla.App. 1st 1973, 275 So.2d 605 and cases therein cited.)
Defendant next urges that the trial court erred in admitting into evidence defendant’s confession made to the police immediately after being confronted with the contents of the knapsack. That contention too is without merit. Even assuming that there was an illegal search and seizure (which we have held there was not) defendant’s confession would nevertheless be admissible. Unlike French v. State, Fla.App. 3rd 1967, 198 So.2d 668, relied upon by appellant, there is no evidence in the case sub judice that defendant was confronted with the demonstrative evidence seized from the knapsack. Further the evidence admitted at defendant’s trial which was seized from the knapsack related sole *80 ly to Counts III and IV of the information, on both of which counts defendant was found not guilty.
We have considered the other points raised and find them without merit.
Appellant having failed to demonstrate prejudicial error, the judgment and sentence appealed are
Affirmed.
RAWLS, C. J., and McCORD, J., concur.