BOARDMAN, Acting Chief Judge.
Appellant, a minor, was stopped by a police officer and cited for not wearing a protective face shield on his helmet while driving a motorcycle. He was also charged with resisting an officer without violence in violation of Section 843.02, Florida Statutes. While appearing before the municipal court on the traffic violation appellant was held in contempt of court and sentenced to ten days in detention. Appellant was taken into custody immediately. His car which was legally parked along side of the street outside of municipal court was impounded and its contents inventoried. The inventory revealed a quantity of marijuana which gave rise to a charge of felony possession of marijuana in violation of Section 893.13, Florida Statutes. Appellant moved to suppress the marijuana on the ground that it was seized pursuant to an unlawful im-poundment and inventory search. After a hearing the trial court denied the motion. *697 Appellant entered a plea of nolo contendere to possession of marijuana reserving his right to appeal.[1]
An inventory is a search within the Fourth Amendment prohibition against unreasonable searches and seizures. State v. Jenkins, 319 So.2d 91 at 93 (Fla. 4th DCA 1975); Gagnon v. State, 212 So.2d 337 (Fla.3d DCA 1968). Whether an inventory search is reasonable depends upon the totality of the circumstances. Weed v. Wainwright, 325 So.2d 44 (Fla. 4th DCA 1975); Godbee v. State, 224 So.2d 441 at 443 (Fla.2d DCA 1969). When appellant challenged the impoundment and inventory search of his vehicle the state was required to show that the vehicle was illegally parked or was in some other way a traffic nuisance or that there were other factors which made it necessary for the vehicle to be taken into custody. See Altman v. State, 335 So.2d 626 at 629 (Fla.2d DCA 1976); Chuze v. State, 330 So.2d 166 at 168 (Fla. 4th DCA 1976); Benton v. State, 329 So.2d 385 at 388 (Fla. 1st DCA 1976); In re 1972 Porsche 2 Dr., 307 So.2d 451 (Fla.3d DCA 1975). In this case appellant’s car was parked along the side of a street outside of the municipal court. At the hearing on the motion to suppress appellant’s counsel stated that appellant’s car was legally parked when it was impounded. The state did not refute or contradict this statement. Having failed to do so it failed to show a necessity for the impoundment or subsequent search. The order denying the motion to suppress is reversed.
REVERSED and REMANDED.
GRIMES and SCHEB, JJ., concur.

. Appellant was found guilty of resisting an officer. Pursuant to the disposition of the two charges appellant was placed on probation. The probation order appears to be applicable to both charges. In light of our holding as to the motion to suppress we remand to the trial court for resentencing on the charge of resisting an officer without violence.