347 So.2d 462 (1977)
STATE of Florida, Appellant,
v.
James F. DEARDEN, Appellee.
No. 76-1791.
District Court of Appeal of Florida, Second District.
June 29, 1977.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
Joseph McDermott, St. Petersburg, for appellee.
BOARDMAN, Chief Judge.
Appellant, State of Florida, brings this interlocutory appeal from the order of the trial court granting a motion to suppress made by appellee/defendant, James F. Dearden.
The sole point raised on appeal is whether the impoundment and inventory of appellee's automobile were reasonable.
At the hearing on the motion only two witnesses, both police officers for the City of St. Petersburg, were called to testify: Thomas A. Gavin and Richard F. Roseberry. Officer Gavin testified that he saw appellee's automobile cross the grassed area of a median strip while turning into a parking lot. The officer pulled behind appellee's automobile which appellee had momentarily stopped. Appellee then put his vehicle in reverse and hit the front of Officer Gavin's police cruiser. Gavin administered a field sobriety test to appellee to determine whether he was driving while under the influence of alcohol and arrested him for DWI. A warrantless inventory was undertaken at the scene to catalogue and protect the personal property in the automobile before it was moved to the police impoundment area. A small bottle containing five capsules which later proved to be barbiturates was found under the front seat of appellee's vehicle. Appellee was the only occupant of the vehicle. He did not request an alternative to impoundment nor did the police officers suggest any.
Appellee contends that an arresting officer has an affirmative obligation to advise a person arrested while driving an automobile of alternatives to impoundment of his vehicle. While there are opinions which have held that reasonable requests as to the disposition of an arrestee's vehicle be complied with, case law has not gone so far as to require that a silent arrestee be consulted as to his wishes concerning the care of his property or be advised of other means of providing for removal.
From a thorough analysis of the relevant case law in Florida, Judge Scheb, in a *463 recent opinion from this court, discerned that the essence of a lawful impoundment of a vehicle is necessity. Altman v. State, 335 So.2d 626 (Fla.2d DCA 1976). We believe that the circumstances attendant to the arrest in the case before us do not demonstrate any reasonable alternative to impoundment and that it was clearly necessary and lawful to impound appellee's vehicle. At the time of the arrest for DWI appellee was intoxicated which would have diminished his ability to form and articulate any preference he might have had as to the disposition of his property. The automobile was stopped in the "middle line of the traffic driveway" in "a business area where it impeded traffic and commerce... ." which necessitated removal.
The scope of the search of appellee's automobile was well within the boundaries of a valid inventory search. See South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).
Accordingly, the order of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED and REMANDED.
McNULTY and SCHEB, JJ., concur.