348 So.2d 641 (1977)
Charles GRANVILLE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 77-104 and 77-105.
District Court of Appeal of Florida, Second District.
July 29, 1977.
Jack O. Johnson, Public Defender, Robert H. Grizzard, II, Asst. Public Defender, and Lawrence D. Shearer, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant/defendant, Charles Granville, challenges the legality of a search of the automobile he was driving. We agree that the search was improper and that impoundment was unnecessary, and we reverse.
Prior to the incident which is the subject matter of this appeal, appellant had been identified as a possible suspect in the commission of a recent robbery. While on their way to appellant's residence to question him, Officers Meredith and Sumner observed him driving along a street a few blocks from his home and followed him in their patrol car.
Upon reaching his destination, appellant pulled into the private driveway of a friend's residence, got out of the automobile, and walked toward the police cruiser which had pulled up next to the curb. Meredith asked to see appellant's driver's license and after appellant stated that he did not have one, Meredith frisked him. As he was doing so, Sumner told him that appellant's license was suspended and ordered Meredith to arrest appellant. Meredith arrested him, turned appellant over to Sumner, and searched the automobile. He found a paper bag containing the wallet of *642 the robbery victim and a woman's purse. Appellant was then arrested for robbery and handcuffed.
At that point, appellant requested that the car not be impounded, but rather that the police return it to the owner, who lived only two blocks away. The police nevertheless continued the search and impounded the vehicle.
There is no evidence to suggest, nor does the state argue, that the warrantless search made in this case was made for any reason other than to inventory the contents of the vehicle. The search was not incident to appellant's arrest since appellant was in police custody and at a safe distance from the car at the time the search was made. The police did not have probable cause to believe that the vehicle contained contraband or evidence of a crime. There could have been no fruits of the offense for which appellant was arrested, that is driving without a valid driver's license. A suspicion that appellant may have committed the robbery because he fit the general BOLO description of the robber was insufficient basis for the search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
Before an inventory search of a motor vehicle may be conducted there must be some necessity for impounding it. Altman v. State, 335 So.2d 626 (Fla.2d DCA 1976). When a vehicle is legally parked some justification for impoundment other than the fact that it is unattended must be shown. G.B. v. State, 339 So.2d 696 (Fla.2d DCA 1976). Here there was no justification for impounding the car. The vehicle was not abandoned or illegally parked, as in Godbee v. State, 224 So.2d 441 (Fla.2d DCA 1969); nor would it otherwise have had to be left on the highway, as in Urquhart v. State, 261 So.2d 535 (Fla.2d DCA 1971). The car was parked in the driveway of a private residence, the owner of which was a friend of appellant, and, unlike the situation in Cash v. State, 275 So.2d 605 (Fla.1st DCA 1973), the owner of the property on which the vehicle was parked had not requested that it be removed.
Cases which held that the vehicle seized was permissibly parked and not subject to impoundment include Weed v. Wainwright, 325 So.2d 44 (Fla.4th DCA 1975), where the automobile was parked in a Winn Dixie parking lot during business hours; G.B. v. State, supra, where the vehicle was legally parked outside the courthouse; and In re 1972 Porsche, 2 Dr., 307 So.2d 451 (Fla.3d DCA 1975), where the car was legally parked on the street outside the residence of a friend of the defendant.
While we have recently held in State v. Dearden, 347 So.2d 462 (Fla.2d DCA 1977), that a silent arrestee need not be consulted as to his wishes concerning the care of his vehicle that case is not controlling here. Reasonable alternatives to impoundment were available, for example the car could have been left where it was, in the absence of objection by the owner of the property on which it was parked, or the owner could have been notified of the car's location so that she could retrieve it. Furthermore, appellant did notify the police of his desire that the car not be impounded. Although appellant's objection to impoundment was not made until after the search of the vehicle had begun and the evidence at issue here had been found, any belatedness in his objecting appears to have been due to the haste of the officers to search the car. Immediately upon discovering that there was a basis upon which to arrest appellant one officer took appellant into custody, while the other began searching the vehicle.
The circumstances in this case give every indication that the search was pretextual and therefore invalid. See Diggs v. State, 345 So.2d 815 (Fla.2d DCA 1977). When they came in contact with appellant, the police officers were on their way to his house to question him regarding the robbery they were investigating. Appellant had not committed any traffic violation. It was purely fortuitous that appellant did not have a valid driver's license providing grounds for arrest, and the officers took advantage of this fortuity to conduct an inventory search of his car precedent to impoundment when they did not have probable cause for a search.
*643 Accordingly, we conclude that there is no basis upon which the search can be upheld, and the cause is
REVERSED.
GRIMES and SCHEB, JJ., concur.