OTT, Judge.
The state appeals from an order granting appellee’s motion to suppress evidence. After a careful review of the record and the briefs we find that we must agree with the state that there is no evidence to support the trial court’s conclusion that the im-poundment of appellee’s vehicle was unnecessary.
At the hearing on appellee’s motion to suppress, the only testimony came from Officer Paul Cooke. Officer Cooke testified that at 2:30 a. m. one morning he stopped a Ford convertible which was traveling at eighty miles per hour through the streets of St. Petersburg. When the car came to a halt, it was one foot off the road at a busy intersection. Its driver, appellee, and his two passengers all appeared to be quite intoxicated. As a result, Officer Cooke arrested appellee for driving while intoxicated, detained the two passengers under the Myers Act, Chapter 396, Florida Statutes (1975), and impounded the vehicle. Another officer conducted an inventory search of the car which produced the firearm that was the subject of the motion to suppress. Cooke testified that impoundment was, in such circumstances, normal police procedure.
After hearing the officer’s testimony and indicating that it was familiar with the intersection where the car had stopped, the court granted the motion to suppress. In so doing it ruled that the impoundment of the vehicle was unnecessary.
As we examine this case, we must first note that the trial court used the correct standard-necessity-in considering the propriety of the impoundment and the resulting inventory search. Altman v. State, *43 335 So.2d 626 (Fla. 2d DCA 1976). However, we think that, as a matter of law, there was no evidence to support the finding by the trial court of a lack of necessity.
The uncontradicted testimony of Officer Cooke demonstrated that appellee and his passengers were all far too intoxicated to drive the car or make any rational decision concerning its removal. Consequently, the officer’s only alternative would have been to leave the car where it was, but we do not believe that this was a viable alternative. Anytime an automobile is left within a foot of a highway, it is a hazard to passing traffic. This is especially so where, as here, the car is parked at a busy intersection during the hours of darkness. Therefore, Officer Cooke really had no choice but to impound appellee’s vehicle.
Because the impoundment and inventory search of the car were proper, we reverse the order granting appellee’s motion to suppress and remand this case for proceedings consistent with this opinion.
HOBSON, Acting C. J., and SCHEB, J., concur.