DANAHY, Judge.
The state appeals from an order granting the appellee’s motion to suppress physical evidence. It contends that the trial court erred in finding that the inventory search of the car which appellee was driving was improper. We agree.
Trooper Taitón B. Dunn, Jr. of the Florida Highway Patrol, appellee, and appellee’s girlfriend, Voncille Owens, testified at the hearing on the motion to suppress. Their testimony did not conflict in any significant way and presented the following set of facts.
At about 6:00 p. m. on December 11,1977, Dunn stopped appellee for speeding on Highway 41 in Lee County. Dunn approached the car and asked appellee for his driver’s license and registration. Appellee told the officer he had neither, but identified himself as M. L. Broomfield. Dunn made a computer check in Florida and Mississippi, appellee’s home state, finding no *864 record of a license or registration. He then arrested appellee for driving without a license and gave him the choice of leaving the automobile on the shoulder of the road or having it towed. Appellee decided to leave it along the road and personally re-parked the car ten to twelve feet off the road where it would not impede traffic flow.
While in the front seat of the patrol car, appellee said the car he was driving belonged to his girlfriend, Yoncille Owens. He also said that he had picked the car keys up from her dresser and that she might have reported the car stolen. Dunn transported appellee to jail and then began to try to locate Miss Owens. Appellee could not read or write, and so he could not tell Dunn where he and Miss Owens lived since he did not know the street address and could not draw an adequate map. Dunn found no outstanding auto theft warrant or complaint concerning the car. He had a jailer check the telephone directory for Miss Owens’ address, but she was not listed. A check of a tag number revealed an inaccurate address because appellee and Miss Owens had moved a month earlier.
Having been unable to find Miss Owens, Dunn informed appellee that he was going to tow in the car appellee had been driving. He did not ask appellee for his consent to this action and appellee did not give it. Dunn took a dinner break and, two hours after the initial stop, returned to the parked automobile. There he inventoried the vehicle in preparation for towing and found a .25 caliber pistol under the front seat.
We believe that on the basis of these undisputed facts, the trial court should have denied the motion to suppress. A law enforcement officer may impound a vehicle whenever a necessity for that action exists. Granville v. State, 348 So.2d 641 (Fla.2d DCA 1977); Altman v. State, 335 So.2d 626 (Fla.2d DCA 1976). Here there was such a necessity. Night had fallen and the vehicle was parked unattended along a rural highway where it would be easy prey for vandals. Moreover, Trooper Dunn was unable to locate the vehicle’s owner to inform her of the situation, and to ask her what she wished to do about it. Thus he had little choice but to impound the car in order to avoid possible liability in case the car was stolen or vandalized during the night.
Because the impoundment was proper, the inventory search which revealed the pistol was proper. Altman v. State, supra. Accordingly we reverse the order granting the motion to suppress and remand the case for further proceedings.
HOBSON, Acting, C. J., and SCHEB, J., concur.