HUBBART, Judge
(dissenting).
I must respectfully dissent. I would reverse the conviction herein and remand the cause to the trial court with directions to allow the defendant to withdraw her plea of nolo contendere and grant her motion to suppress. In my view, the warrantless search of the automobile herein was unjustified by any of the exceptions to the search warrant requirement rule, and was, therefore, unreasonable under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12 of the Florida Constitution.
A
The law is well-settled that a search of private property conducted by state or federal agents without a duly issued search warrant is per se “unreasonable” under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12, of the Florida Constitution — ■ subject only to a few specifically established and well-delineated exceptions justified by absolute necessity. These exceptions have been jealously and carefully drawn, and the burden is upon the state to demonstrate their application in a given case. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Hornblower v. State, 351 So.2d 716 (Fla.1977); Miranda v. State, 354 So.2d 411 (Fla.3d DCA 1978); Taylor v. State, 355 So.2d 180, 183 (Fla.3d DCA 1978).
One of the recognized exceptions to the search warrant requirement rule, and the only exception relied upon by the state to sustain the search herein,[1] is that the police may conduct an inventory of a lawfully impounded motor vehicle for the purpose of protecting the police against claims of lost or stolen property from the vehicle. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Altman v. State, 335 So.2d 626 (Fla.2d DCA 1976); Godbee v. State, 224 So.2d 441 (Fla.2d DCA 1969). This inventory must be conducted in good faith by the police and cannot be used as a subterfuge to conduct a general exploratory search of the vehicle for evidence of crime. Godbee v. State, 224 So.2d 441 (Fla.2d DCA 1969). A search warrant is unnecessary to conduct such an inventory *62 because it is a routine, administrative-type search for safekeeping purposes and is not a search for evidence of crime. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (Powell, J., concurring).
Central to the motor vehicle inventory exception, however, is that the police must first have a lawful necessity for impounding the vehicle before any right to an inventory attaches. Granville v. State, 348 So.2d 641 (Fla.2d DCA 1977); Altman v. State, 335 So.2d 626 (Fla.2d DCA 1976); Annot. 48 A.L.R.3d 537, 551 (1973). The cases recognize that such a necessity is shown where the vehicle represents a traffic hazard and is impeding the uninterrupted flow of traffic, State v. Cook, 358 So.2d 42 (Fla.2d DCA 1978); State v. Deardon, 347 So.2d 462 (Fla.2d DCA 1977); or where the vehicle is stolen, disabled, illegally parked or abandoned, South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); Godbee v. State, 224 So.2d 441 (Fla.2d DCA 1969); or where the vehicle is being seized for forfeiture purposes, Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); or where the vehicle is exposed to the danger of theft or damage under circumstances which would warrant a reasonable concern for the vehicle’s safety, Mattson v. State, 328 So.2d 246 (Fla. 1st DCA 1976). Absent these factors, the courts have consistently struck down motor vehicle impoundments and subsequent inventories thereof where the only showing of necessity made for impoundment was that the vehicle was left unattended on the streets after the driver of same was lawfully taken into police custody. Granville v. State, 348 So.2d 641 (Fla.2d DCA 1977); G. B. v. State, 339 So.2d 696 (Fla.2d DCA 1976); Benton v. State, 329 So.2d 385, 388 (Fla. 1st DCA 1976); Weed v. Wainwright, 325 So.2d 44 (Fla.4th DCA 1975); In re 1972 Porsche 2-Dr., 307 So.2d 451 (Fla.3d DCA 1975).
B
I part company with the majority in this case because in my view there was no lawful necessity shown on this record for the police to have impounded, or to have initiated any procedures to impound the vehicle in question. As such, both the impoundment and subsequent inventory was unreasonable. There is no showing by the state that the automobile herein was a traffic hazard or was impeding the uninterrupted flow of traffic; or was abandoned, stolen, disabled or illegally parked; or was being seized for forfeiture purposes; or was exposed to the threat of theft or damage under circumstances which would warrant a reasonable concern for the vehicle’s safety. No necessity whatever for seizing the automobile was ever asserted by the police or the prosecutor in the trial court. It was simply assumed that the right to impound a vehicle attaches whenever the driver thereof is lawfully taken into police custody thereby leaving the vehicle unattended on the streets. Such is not the law of this state.
I attach no significance to the failure of the defendant to sign the waiver of liability form and consent to allowing the vehicle to remain in place. There was no necessity for the police to have engaged the defendant in such a conversation in the first place because impoundment of the vehicle was not called for in any event. Nor can I say that this was a good faith inventory in the absence of any prior lawful necessity to impound the vehicle. Finally, the failure of the defendant to produce personal identification or registration of the vehicle cannot, without more, give rise to a reasonable inference that the vehicle was stolen or was being used without the owner’s consent. Indeed, the police made no inquiries and had no suspicions of the defendant along these lines. There being no lawful necessity for the impoundment, the subsequent inventory was unreasonable and the fruits thereof were inadmissible in evidence.
I would reverse.

. No contention is made or could be made that the search herein was valid under those exceptions to the search warrant requirement rule which permit (1) a warrantless search of a person incident to effecting a lawful arrest of such person, see State v. Gustafson, 258 So.2d 1 (Fla. 1972), or (2) a warrantless search of an automobile based on probable cause to believe that the automobile contains contraband or evidence of crime, see Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), adopted as the law of Florida by Section 933.-19, Florida Statutes (1977); Collins v. State, 65 So.2d 61 (Fla. 1953), or (3) a warrantless search pursuant to consent wherein an accused freely and voluntarily waives his search and seizure rights, see Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Sagonias v. State, 89 So.2d 252 (Fla.1956). It is clear that the search went beyond the physical scope of that which was necessary to effect the defendant’s arrest, see Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Skrobacki, 331 So.2d 376 (Fla. 1st DCA 1976), that there was no probable cause to believe that the defendant’s automobile contained contraband or evidence of crime prior to the search, see Collins v. State, 65 So.2d 61 (1953), and that the defendant’s failure to object to the search represented an acquiescence to authority rather than a free and voluntary consent to search, see Bailey v. State, 319 So.2d 22, 27 (Fla.1975); Boynton v. State, 64 So.2d 536, 550 (Fla.1953).