OTT, Judge.
A loaded revolver was taken from the glove compartment of appellee’s truck during an inventory search following his arrest for driving under the influence of alcohol. On a second charge of illegal possession of a hand gun, appellee moved to suppress the evidence on the grounds of an illegal search and seizure. We reverse the suppression order.
Appellee was stopped by police officers on a Sarasota thoroughfare at about 4:00 a. m. He pulled over and parked in the outside lane, which was for right turns only. There was no parking lane. Although the street was fairly deserted at that early hour, it was a main thoroughfare and would *392 become increasingly congested as the morning rush hour approached. A vehicle parked in the “right turn only” lane would constitute a hazardous impediment to traffic.
Field sobriety tests at the scene revealed appellee’s intoxication. He was arrested and placed in the police cruiser. When he requested permission to lock his truck, the officers advised him that it could not be left where it was, consequently they were impounding it for safekeeping and its contents would be carefully inventoried. Appellee made no response or any further requests or comments.
Appellee’s home is only a few blocks from the scene of his arrest, and his wife was home at the time. Appellee himself was at least temporarily residing at a motel about a block from where he was stopped. There are several phones in the immediate area, but at no time did appellee ask to use one of them.
Sarasota Police have standing instructions to remove any arrestee’s illegally parked vehicle by (1) permitting a qualified passenger to do so, (2) contacting a qualified relative of the arrestee, (3) permitting the arrestee to arrange removal by a private towing service or (4) impoundment. There is no department rule or policy requiring officers to advise arrestees of the options available to them. In the present instance, appellee did not request any alternative method of removing his truck, and the arresting officers did not apprise him of any alternative to the one (impoundment) they selected.
It is well established, of course, that contraband discovered during an “inventory” search of a vehicle properly in custodia legis is admissible into evidence to establish the crime of possession of such contraband. Godbee v. State, 224 So.2d 441 (Fla.2d DCA 1969). Appellee’s motion in this case was predicated on the proposition that his truck was not “properly” impounded because the officers who arrested him violated their affirmative duty to advise him of the other permissible methods of having the vehicle removed from its admittedly illegal parking spot. Had they done so, argued appellant, he would have either called his wife or a private tow truck to remove the truck to either his motel or his home.
At the very threshold of that argument the court is called upon to speculate, or at least to make what might well be a completely unfounded assumption, about what appellee “would have done if.” We are somewhat hesitant to make such an assumption in this case because appellee candidly admitted that he was “very intoxicated" and, in addition, the evidence would seem to indicate that he and his wife were estranged at the time.
However, in order to get to the heart of the real issue here, we will assume that had appellee been aware of his options in the matter he would have elected not to have his truck impounded. In other words, we will presume for purposes of this case that any breach of a duty to advise appellee of the alternatives open to him would be prejudicial. However, we do not want to be understood as indicating that prejudice must be presumed in all such cases. We are not prepared to say that if such a duty ever arises (e. g., by police department regulation) it will be clothed with the sanctity of a Miranda type situation, where failure to advise is prejudicial per se, as a matter of law.
Turning now to the merits of appel-lee’s contention, we are of the opinion that a police officer can impound an illegally or dangerously parked vehicle in the possession of the arrestee at the time of the arrest, and that the officer has no obligation to apprise the arrestee of the alternative procedures sanctioned by the department. State v. Dearden, 347 So.2d 462 (Fla.2d DCA 1977).
We are aware that our sister court in the fourth district has reached an opposite conclusion in several cases on this point (e. g., Session v. State, 353 So.2d 854 (Fla.4th DCA 1977)), while the First District Court of Appeal has adhered to our Dearden decision. Fields v. State, 369 So.2d 603 (Fla.1st DCA 1978). Because of the open split in *393 authority, we have considered the point with special care. On principle, rather than on precedent, we conclude that police officers do not and should not carry the burden suggested by appellee, and that our decision in Dearden was correct.
What is involved at the crux of this matter is the constitutional prohibition against unreasonable searches and seizures. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). A search without a warrant is prima facie unreasonable, but there are certain permissible exceptions. One of them concerns persons who are arrested. Property in their possession at the time must be taken into official custody if necessary for safekeeping. It would be unthinkable for the police to simply leave an arrestee’s watch, ring and wallet, for example, at the scene of the arrest, or to otherwise fail to keep them safe. Such property must then be inventoried, so that both the owner and the authorities will know precisely what the police are responsible for. South Dakota v. Opperman, supra.
Those same rules govern impoundment of a vehicle in the arrestee’s possession at the time he is arrested. The critical inquiry, of course, is whether impoundment of the vehicle is necessary in order to protect it or the motoring public. Altman v. State, 335 So.2d 626 (Fla.2d DCA 1976). Here, appellee’s truck was illegally parked and constituted a traffic hazard. Undeniably, it had to be moved. G. B. v. State, 339 So.2d 696 (Fla.2d DCA 1976); Godbee v. State, supra. The officers were faced with a “very intoxicated” owner, who was alone in the vehicle, and who made no alternative suggestions or requests. We see no lawful basis for faulting the officers in electing to impound the truck as the quickest and most reliable method of removing and safeguarding it. In a case presenting almost identical circumstances, this court has held that the police had “no alternative” to impounding the vehicle. State v. Cook, 358 So.2d 42 (Fla.2d DCA 1978). The various possibilities sanctioned by the instructions are primarily for the guidance of the officers under the particular circumstances confronting them, and not necessarily for the benefit of the arrestee.
The order of suppression is reversed and the case is remanded to the trial court for further proceedings.
BOARDMAN, Acting C. J., and GRIMES, J., concur.