403 So.2d 1079 (1981)
James Edward LOVETT, Appellant,
v.
STATE of Florida, Appellee.
No. VV-169.
District Court of Appeal of Florida, First District.
September 11, 1981.
*1080 Michael E. Allen, Public Defender, and Nancy A. Daniels, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
LILES, WOODIE A. (Retired), Associate Judge.
Existing case law contains no exception to support this warrantless search. There is no doubt that the officer acted in good faith; however, Florida has not at this point recognized a good faith exception to the warrant requirement. See Walden v. State, 397 So.2d 368 (Fla. 1st DCA 1981).
This search cannot be permitted under the exception condoning inventory of the vehicle and cannot be condoned under the theory of impoundment. The facts will not support abandonment. Therefore, the order denying suppression of the evidence must be reversed.
Appellant pled nolo contendere reserving the right to appeal the trial court's denial of his motion to suppress. On this particular night Deputy Mulkin of the Escambia Sheriff's Department was on routine patrol and had passed this particular location some twenty (20) minutes prior to his return, when he observed a large spot of water in the street and a palm tree which had been knocked down on the side of the street. Upon further investigation, he discovered a car bearing a Louisiana license tag directly across from the fallen tree. The car was locked and parked in a private driveway. There was extensive damage to the front end of the car and palm tree bark adhering to the body of the car. It was obvious that the vehicle had been involved in this accident and could not be moved without the assistance of a wrecker.
*1081 Deputy Mulkin had his radio dispatcher notify the highway patrol of the accident, since the sheriff's department does not handle traffic accidents. He then went to the house where the car was parked, but found nobody at home. He checked at some other nearby homes, but was unable to find out anything about the apparent accident. In an attempt to determine the ownership of the car, Deputy Mulkin had the dispatcher run a computer check on the license number and the vehicle identification number (VIN) of the car. However, due to computer malfunction, the report came back as "not in file." Much later that evening, the ownership of the car was identified through the highway patrol computer.
In the meantime however, while attempting to discover the identity of its owner, Mulkin went back to the car, reached inside a partially open window on the passenger's side, and unlocked the door. He then opened the glove compartment to look for the car registration and discovered three (3) bags of brown vegetable matter which appeared to be marijuana. He moved the marijuana out of the way and took out some papers which, upon examination, revealed the name of this appellant, James Edward Lovett, and another man. While still pursuing information of ownership, he continued his search. He observed a large paper bag on the floor behind the front seat. He opened the bag and found pills, later identified as Percocet. The bag also contained some documents which identified Lovett as the owner of the car.
At the hearing on the motion to suppress, Deputy Mulkin was the only witness and his testimony constituted the only evidence before the trial judge. The judge subsequently entered an order denying appellant's motion to suppress, for the reason that the search had only been made in an attempt to identify the owner of the vehicle and therefore the search was neither unreasonable nor unlawful.
Appellant was charged with possession of Percocet in Count I and possession of more than twenty (20) grams of cannabis in Count II, both in violation of Section 893.13(1)(e), Florida Statutes. He pled nolo contendere to the information and reserved the right to appeal the court's order denying his motion to suppress.
He maintains here that the denial constituted reversible error. The State in its brief, questions appellant's lack of standing to challenge the search and cites the recent federal cases supporting its position. Unfortunately there was no objection at the trial level and this point was not even touched upon. Therefore it is not properly before this Court for review. Parenthetically, even if it had been raised, the defendant did have standing to contest the search. See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). U.S. v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).
The State urges that the search is supported by the theory of abandonment and inventory. The car could not under the facts have been abandoned. Deputy Mulkin had passed this location some twenty (20) minutes previously and had not observed the fallen tree, the water on the street, or the car. The car was locked and parked in a private driveway; and even though there was no one home at the time Deputy Mulkin investigated, for all we know the owner of the driveway could have given Lovett permission to park his car there. In any event, it was not illegally parked as against any existing law. No complaint had been made to any law enforcement agency, and no request for removal; the car was simply parked in a private driveway and the house to which the driveway led was unoccupied at the time.
The law is clear that before an inventory search can be conducted, there must be some necessity for impounding the vehicle. Granville v. State, 348 So.2d 641 (Fla.2d DCA 1977); Altman v. State, 335 So.2d 626 (Fla.2d DCA 1976); Benton v. State, 329 So.2d 385 (Fla. 1st DCA 1976). Here, the deputy's admitted purpose in entering the car was to find the name of the owner, not to inventory and secure the contents *1082 for the benefit of the owner or to protect the police from possible liability. The cases are legion supporting inventory searches, but nowhere can there be found authority for an inventory search of a car parked off the street in a private driveway and locked. The fact that the car had an out-of-state license in no way supports a presumption that the car did not belong to the residents of the home or was parked at the home without the residents' permission. Simply because a vehicle is left unattended does not give anyone the right to search it. This is particularly true if the vehicle is not illegally parked, as was the case here. See Agnew v. State, 376 So.2d 13 (Fla.2d DCA 1979); Granville, supra; Tolbert v. State, 348 So.2d 623 (Fla. 4th DCA 1977); Benton, supra; G.B. v. State, 339 So.2d 696 (Fla.2d DCA 1976).
The State urges us to affirm this search as being justified as a police "community caretaking function" and cites Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). In South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the United States Supreme Court pointed out that disabled or damaged vehicles will often be removed from the highways or streets at the behest of police engaged solely in caretaking and traffic control activities, and that the authority of the police to do so is beyond challenge. Id. at 368-369, 96 S.Ct. at 3096-97. The automobile in this case was in no way creating a public hazard or nuisance and thus there was no "community caretaking function" involved. There might have been had the owners of the private driveway requested some assistance in removal of the car. See State v. Cash, 275 So.2d 605 (Fla. 1st DCA 1973).
Deputy Mulkin was premature in his search. The problem could easily have been avoided in one of several ways. He could have waited until the highway patrol arrived, it being their duty to investigate accidents. As noted above, the highway patrol computer identified the owner of the car. He could have awaited a complaint from the owner of the driveway so that the car could have been towed into impoundment. None of this occurred; and while he certainly had reasonable cause to investigate an obvious accident, he was without constitutional authority to search a locked car in a private driveway at the time he did so. For these reasons the order denying the motion to suppress is REVERSED and the judgment and sentence is VACATED.
ERVIN, J., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.